DRAPER, J.
 

 Plaintiff appeals from order dismissing this action for lack of prosecution. Complaint was filed August 29, 1952. One motion to dismiss (based upon the discretion granted by Code Civ. Proc., § 583 and upon § 581a) was made 24 days before the expiration of five years after filing of complaint, and one (based upon the mandatory provision of § 583) 13 days after the five-year period had expired. The motions were argued together and both were granted. Appellant’s principal contention is that for more than three of these five years other litigation made it impracticable or futile to prosecute this action.
 

 The complaint in the ease at bar is entitled
 
 ‘ ‘
 
 complaint and petition.” It seeks declaratory relief determining that a dispute between the parties is subject to arbitration, and contains a paragraph apparently seeking to invoke the power of the court to vacate the “award” of the arbitrators (Code Civ. Proc., § 1288).
 

 The factual background is complicated. In April, 1951, plaintiff and three others agreed to sell to Ralph Hull and two corporations (hereinafter called the Hull group) timber-lands west of the Klamath River. Payments by the buyers were to be made over a period of time. Plaintiff’s group also agreed to sell Hull two mills and other property, and granted to the Hull group an option to purchase timberlands east of
 
 *675
 
 the Klamath. In June, 1951, the Hull group transferred this option to defendant-respondent, which bought the easterly lands, paying plaintiff’s group in cash therefor. As part of this June transaction, defendant granted to Ralph Hull individually the right, at a price of $6.00 per thousand board feet, to all redwood and other logs, except fir, harvested from the east tract bought by defendant, and agreed to buy from the Hull group, at market price on dates of delivery, up to 3,000,000 board feet per year of fir logs harvested from the west tract which the Hull group was buying from plaintiff and associates. The June contract between defendant and the Hull group recited that it was entered into by defendant because of its “full trust and confidence in the integrity and ability of Ralph Hull,” and prohibited assignment except with defendant’s consent. It was, however, agreed that defendant would “not unreasonably withhold consent to any assignment by Ralph Hull if the assignee is a person or corporation in which M & M has confidence.”
 

 In the fall of 1951, the two corporations of the Hull group filed petitions in reorganization under the Bankruptcy Act. Plaintiff’s group, at about the same time, declared the Hull group to be in default under its contract to purchase the west tract, and purported to terminate the contract of sale to the Hull group. An agreement was then entered into by which the Hull group returned to plaintiff’s group the property, including the west tract, which was being purchased by the Hull group, and also agreed to assign to plaintiff and its associates the Hull group’s rights under the June agreement with defendant, by which defendant had granted to Ralph Hull the right to the nonfir timber on the east tract and had agreed to buy from the Hull group fir harvested from the west tract. This plaintiff-Hull agreement was approved by the bankruptcy court having jurisdiction of the two Hull corporations.
 

 Defendant refused to accept fir logs from the west tract delivered by plaintiff’s group, asserting that in fact the agreed assignment to plaintiff’s group had not been made by the Hull group, that no proper request for approval by defendant of the claimed assignment had been made, and making clear that consent to the assignment would not be granted. Plaintiff’s group demanded arbitration under the June agreement. Defendant, although reserving the objections stated above, took the necessary steps to establish the arbitration board. This
 
 *676
 
 board met, heard evidence and, in May, 1952, determined that the issues raised by defendant, plus the contention that the members of the Hull group were necessary parties to the arbitration, were properly determinable by the courts, rather than by arbitration. The arbitrators concluded that no further arbitration issues should be determined without a court determination as to whether the claimed assignment was valid. The “complaint and petition” which instituted this action was then filed.
 

 Meanwhile, in March, 1952, the receiver of the two Hull corporations petitioned the bankruptcy court to set aside its December order approving the agreement between the Hull group and plaintiff’s group, including the agreement of the former to assign to plaintiff’s group the M and M contract. The basis of the attack was that the agreement infringed upon the rights of creditors of the two Hull corporations which were in bankruptcy. This litigation in the bankruptcy court did not terminate until July, 1957, when, following a settlement, the court apparently confirmed the assignment of rights under the M and M contract.
 

 Plaintiff now asserts that this litigation made it futile or impracticable to prosecute the ease at bar during the period from filing the complaint in 1952 to determination of the federal court matter in July, 1957. If this contention were correct, the dismissal, insofar as based on Code of Civil Procedure, section 583, would be improper.
 
 (Christin
 
 v.
 
 Superior Court,
 
 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R 1153].)
 

 Futility or impracticability sufficient to extend the time for bringing an action to trial may be created by litigation. But the decisions dealing with litigation which has this effect have found it only in a step in the same action sought to be dismissed for lack of prosecution, or in litigation involving the very basis of the action sought to be dismissed, or in other litigation between the same parties or their privies.
 
 (Christin
 
 v.
 
 Superior Court, supra; Rose
 
 v.
 
 Knapp,
 
 38 Cal.2d 114 [237 P.2d 981];
 
 Vecki
 
 v.
 
 Sorensen,
 
 171 Cal.App.2d 390 [340 P.2d 1020]
 
 ; Bosworth
 
 v.
 
 Superior Court,
 
 143 Cal.App.2d 775 [300 P.2d 155]
 
 ; Westphal
 
 v.
 
 Westphal,
 
 61 Cal.App.2d 544 [143 P. 2d 405].)
 

 Whether it is impossible, impracticable or futile to proceed to trial is to be determined in the light of the circumstances in each case.
 
 (Woley
 
 v.
 
 Turkus,
 
 51 Cal.2d 402, 407 [334 P.2d 12] ;
 
 Rose
 
 v.
 
 Knapp, supra,
 
 38 Cal.2d 114, 117.)
 

 
 *677
 
 In the case at bar, we have concluded that futility and impracticability, within the meaning of the eases cited above, has not been established. Ralph Hull individually held the right to take redwood from defendant’s land. The June 1951 contract between defendant and the Hull group specifically granted this right to Ralph Hull, rather than to either of the corporations of the Hull group. On the record before it, the trial court could have determined that this right to defendant’s redwood was the principal issue in plaintiff’s assertion of rights as assignee of the Hull group. Furthermore, the record shows that counsel for plaintiff and defendant agreed, at the arbitration proceeding, that the three members of the Hull group had, by written agreement, divided among themselves the properties they acquired from plaintiff’s group by the contract of April, 1951. By this division, the two Hull corporations took the two mills sold by plaintiff’s group, and Ralph Hull took the timberland. Thus Hull as an individual held the land from which defendant had agreed to buy fir logs. The fact that defendant’s redwood was agreed to be sold at a fixed price is some indication that it was the right to the redwood, rather than the right to require defendant to buy fir at prevailing market price, which had value. In any event, the redwood was to be sold to Ralph Hull, and the fir was to be bought by defendant from land held by Ralph Hull.
 

 But Ralph Hull was not a party to the receiver’s attempt, in the bankruptcy court, to set aside the agreement of December, 1951. Only the two corporations and plaintiff’s group were before the bankruptcy court. -No bankruptcy petition had been filed against Ralph Hull. The receiver could assert the rights of creditors only as against the two corporations, and not against Ralph Hull. Thus we are wholly unable to see that the litigation in the bankruptcy court made it at all impracticable for plaintiff to prosecute its action against defendant as to the rights which were really in issue as between these parties. For all that appears in this record, the bankruptcy litigation concerned only the mills and other properties involved in the plaintiff-Hull transactions of April and December, 1951, rather than the timber rights which plaintiff sought to assert against defendant in the instant state court action.
 

 Plaintiff also relies upon litigation in the federal courts with one Ward as establishing futility or impracticability of going to trial in the case at bar. That litigation arose
 
 *678
 
 under a 1946 contract by which plaintiff’s predecessors agreed to purchase some unspecified portion of the west tract which, by the agreement of April, 1951, plaintiff’s group agreed to sell to the Hull group. On May 12, 1954, plaintiff’s vendors gave notice of termination of plaintiff’s rights under the 1946 agreement on the ground of plaintiff’s default in payment. Plaintiff filed an action in the federal court seeking the right to cure its defaults and asking for specific performance. Ward cross-complained. The action was determined in favor of plaintiff in the United States District Court
 
 (Union Bond etc. Co.
 
 v.
 
 Blue Greek etc. Co.,
 
 128 F.Supp. 709) and was affirmed on appeal
 
 (Ward
 
 v.
 
 Union Bond etc. Co.,
 
 243 F.2d 476) April 17, 1957. The parties here agree that the judgment became final in July, 1957.
 

 But plaintiff’s reliance upon the Ward litigation as establishing futility and impracticability of proceeding in the ease at bar also fails. In the first place, the record before us does not show how much of the tract sold by plaintiff to the Hull group was involved in the Ward litigation. If it was but a minor portion of the property reacquired by plaintiff from the Hull group in December, 1951, it may have had no effect upon the case at bar. Thus plaintiff has failed to establish the claimed impracticability of proceeding to trial here. Secondly, the Ward litigation arose from plaintiff’s own default. The United States District Court specifically found that plaintiff’s default under the Ward agreement was wilful, and the Court of Appeals accepted this finding (see the two cases last above cited). We cannot accept the view that litigation brought on by the wilful default of one party necessarily extends the time for trial of an independent action brought by him against one in no way involved in the agreement in default.
 

 Plaintiff also contends that negotiations for settlement of the case at bar served to extend the period for bringing the case to trial. These negotiations were for sale of plaintiff’s lands to defendant. They continued only from September, 1952, to March, 1953. There is doubt that settlement negotiations render trial futile or impracticable.
 
 (Berger
 
 v.
 
 McMahan,
 
 116 Cal.App.2d 328 [253 P.2d 543] ;
 
 People
 
 v.
 
 Superior Court,
 
 86 Cal.App.2d 204 [194 P.2d 571].) It is not necessary, however, for us to pass upon this point. The settlement negotiations continued for only six months of the five-year period which expired between filing of the complaint and
 
 *679
 
 dismissal of the action. The trial court’s order of dismissal clearly is based upon the exercise of discretion, separately from and in addition to any view that the passage of five years made dismissal mandatory. Since deduction of the period of negotiations would leave four and one-half years from action to dismissal, there is no question that more than two years elapsed after action filed, thus bringing into play the discretionary provision of the code section (Code Civ. Proc., § 583).
 

 As is apparent from our previous discussion, we find nothing in the bankruptcy proceedings or the Ward litigation which shows any abuse of discretion in the dismissal of this action under the discretionary provisions of the code section. Also, if the code sections governing dismissal apply, it is apparent that dismissal was mandatory because no answer was filed and no judgment entered within three years after the service of summons (Code Civ. Proc., § 581a).
 

 Plaintiff, however, contends that neither section 583 nor section 581a applies here. The argument is that those sections apply only to “actions,” whereas the present litigation is asserted to be a special proceeding to compel arbitration or to vacate an award of arbitration (Code Civ. Proc., §§ 1282, 1288). We are not greatly impressed by this argument. The complaint appears to us to be one for declaratory relief, in which the “petition” relating to arbitration is at most incidental. However, we need not determine either that question or the claim that the dismissal statutes are inapplicable to court proceedings either to compel arbitration or to vacate an award.
 

 The power of the court to dismiss for lack of prosecution is not dependent upon statute (16 Cal.Jur.2d, Dismissal, § 28). The parties do not dispute this rule. The discretionary portion of section 583 does have the effect of granting a minimum of two years to bring an action to trial (16 Cal.Jur.2d, Dismissal, § 29). But in this case more than five years (or, if the six months of settlement negotiations be deducted, more than four and one-half years) passed after filing of the complaint. During this whole period, the only real effort to prosecute the case was made belatedly, and at the very end of this long period. We have heretofore reviewed plaintiff’s excuses for failure to prosecute, and have found them to be without merit. Thus the trial court did not abuse its discretion in ordering dismissal. The memorandum opinion makes clear that the trial court relied upon its inherent dis
 
 *680
 
 cretionary power as well as, and independently of, the code authorization. In view of this conclusion, it is unnecessary to consider respondent’s motion to dismiss this appeal.
 

 Order affirmed. Motion to dismiss appeal denied.
 

 Kaufman, P. J., and Good, J. pro tern.,
 
 *
 
 * concurred.
 

 *
 

 Assigned by Chairman of Judicial Council.