[Civ. No. 13. Fifth Dist. Dec. 4, 1961.]

LEWIS EARL ROUSE, Individually and as Administrator, etc., Plaintiff and Appellant, v. ORAN W. PALMER et al., Defendants and Respondents.

William H. Haupt for Plaintiff and Appellant.

Baker, Palmer, Wall & Raymond and Robert E. Raymond for Defendants and Respondents.

STONE, J.—Respondents, attorneys at law, formerly represented appellant in the probate of his wife's estate, and in asserting his individual claim to an interest in property transferred by the wife before death. The complaint in this action charges respondents with negligently and wrongfully advising appellant as to his community property rights, and with failing to protect his property interests.

Appellant and his wife were married in 1918. Prior to her death, she deposited funds, which appellant alleges were community property, in a joint tenancy account with her sister. The wife also made the sister and a niece beneficiaries of an insurance policy and of a teachers' retirement benefit fund.

Respondents, representing appellant both as administrator of his wife's estate and as an individual, recommended a settlement by which appellant agreed to accept one-half of the alleged community property disposed of by the wife. Distribution of the estate was made pursuant to the agreement. Appellant later secured the services of his present counsel, who moved to set aside the decree of distribution pursuant to Code of Civil Procedure, section 473. The motion was denied, and an appeal was taken from the order. About the same time appellant filed an action against his wife's sister and niece to recover the alleged community property which they received under the agreement. The action against them will be referred to herein as the "*Underwood* case."

Shortly thereafter appellant filed this action for damages against respondents. It is appellant's contention that respondents failed to advise him that he was entitled to recover all of the community property which had been transferred by his deceased wife, one-half as owner thereof and the other half through the probate of his wife's estate to which he was the sole heir at law. Appellant also alleged that respondents had formerly represented the wife's sister, but did not disclose this conflict of interest. The complaint was filed April 18, 1956, and the summons and complaint were served upon respondents May 19, 1958. They demurred, and an amended complaint was filed July 18, 1958. Defendants answered August 29, 1958. A motion to strike the answer and a demurrer to answer were disposed of by court order on September 24, 1958, and the case was then at issue as to respondents. No further steps were taken in this action, although extensive discovery proceedings were pursued in the *Underwood* case. On June 27, 1960, four years and two months after the complaint in the instant case was filed, appellant moved to have this action and the *Underwood* case consolidated for pretrial and trial. Respondents countered with a motion to dismiss for want of prosecution, pursuant to Code of Civil Procedure, section 583. The motion was granted, and this appeal was taken.

The portion of Code of Civil Procedure, section 583, here pertinent, reads as follows: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial, . . ."

The section fixes at two years the minimum time which must

elapse after the filing of a complaint and before a dismissal can be granted. (*Union Bond & Trust Co.* v. *M & M Wood Working Co.,* 179 Cal.App.2d 673, 679 [3 Cal.Rptr. 920].) Since four years and two months elapsed here, the only question presented is whether the trial judge abused the discretion referred to in Code of Civil Procedure, section 583. (*Bonelli* v. *Chandler,* 165 Cal.App.2d 267, 269 [331 P.2d 705].) The discretion with which we are concerned is that of the trial court, not the reviewing court, and the action of the trial court will be disturbed only on a showing of manifest abuse. (*Hayashi* v. *Lorenz,* 42 Cal.2d 848, 851 [271 P.2d 18] ; *Hillsdale Builders Supply Co.* v. *Eichler,* 109 Cal. App.2d 117, 118 [240 P.2d 343].) It is incumbent upon appellant to show that there has been such an abuse of discretion. (*Simonini* v. *Jay Dee Leather Products Co.,* 85 Cal. App.2d 265, 268 [193 P.2d 53] ; *Gurst* v. *San Diego Transit System,* 119 Cal.App.2d 51, 55 [258 P.2d 1109].)

As previously noted, appellant herein appealed from the court order denying his motion to set aside the decree of distribution in *Estate of Rouse.* From the time the complaint was filed (April 18, 1956) to the dismissal of the Rouse appeal (April 2, 1957), a total of eleven and one-half months elapsed. Appellant cites cases holding that the time for bringing an action to trial should be extended if an appeal is pending, the outcome of which would directly affect the action. However, appellant took his appeal in *Estate of Rouse,* 149 Cal. App.2d 674, 679 [309 P.2d 34], from a nonappealable order. The outcome of that appeal could have no bearing on this action. Thus, appellant's position would appear to be untenable. He argues, however, that the misconceived appeal was taken in good faith, which entitled him to credit for the time which elapsed pending its dismissal. The argument simply presents one fact or circumstance among several considered by the trial court in the exercise of its discretion. That the court found appellant's plea lacking in persuasion does not manifest an abuse of discretion. Furthermore, appellant concedes that were the total elapsed time from the filing of the complaint to the dismissal of the appeal disregarded, the delay would still be three years, four months and twenty-one days.

Appellant next argues for the exclusion of additional delay caused by his attorney's illness. It appears that counsel for appellant had no associates in his practice of the law during a period of illness from the latter part of 1956 until

early 1957. It is not clear how counsel for appellant arrives at one year, four months and sixteen days, the total time for which he claims credit by reason of illness. If this delay were considered unavoidable, and if the time claimed by reason of the appeal were also considered excusable, appellant asserts that his net culpable delay would be reduced to two years and five days. However, the total time elapsed pending appeal and the total time covered by illness did not occur consecutively, the record indicates the two periods overlapped. It also appears that during the time covered by his illness, appellant's counsel traveled from his office in Los Angeles to Fresno, where he argued the appeal in *Estate of Rouse,* and that he appeared in Bakersfield to argue the demurrer in this case. Additionally, he performed a limited amount of paperwork. Counsel for appellant argues in his reply brief that he made such court appearances under great pain and suffering or during short periods of respite from his illness. He also minimizes the effort required for drafting documents he admittedly filed. These contentions, like those concerning the appeal, are simply factors which the trial court considered and, again, the fact that they were not persuasive does not indicate an abuse of discretion. (*Knight* v. *Pacific Gas & Elec. Co.,* 178 Cal.App.2d 923, 930 [3 Cal.Rptr. 600].) The trial court was aware of the other activities undertaken by counsel for appellant during his illness, and it might well have concluded that counsel could have prepared, filed and served a memorandum to set the cause for trial.

Appellant next argues that the disposition of the *Underwood* case has a direct bearing on the case before the court and that it should have been tried first. This he alleges he tried to do but that a crowded court calendar in Kern County thwarted his efforts. In weighing appellant's arguments, we must assume that the trial court was aware of its own calendar situation and that it considered that factor in relation to the delay. Additionally, appellant's contention that the *Underwood* case had to be determined first is belied by the record, which reflects his motion to consolidate the present action for trial with *Underwood.* In fact, it was the motion for consolidation that touched off respondents' motion to dismiss. Whether it is impossible, impracticable or futile to proceed to trial is to be determined in the light of the circumstances in each case. (*Woley* v. *Turkus,* 51 Cal.2d 402, 407 [334 P.2d 12] ; *Union Bond & Trust Co.* v. *M & M Wood Working Co., supra,* p. 676.)

Lastly, appellant argues that his cause of action is meritorious, and that respondents failed to plead a defense to the action. An examination of the pleadings, however, indicates that the answer raises a justiciable issue for determination by the trial court. [■■] In any event, the fact that there is merit to a plaintiff's case does not divest the trial court of its power to dismiss an action for want of prosecution under Code of Civil Procedure, section 583. The correct rule is stated in *Ordway* v. *Arata,* 150 Cal.App.2d 71 [309 P.2d 919], at page 79, wherein it is said:

"The record here shows an action to recover money loaned, evidenced by an instrument in writing. There is nowhere in the record any denial that the money was borrowed, nor is there any statement that it was not due. While this alone would not justify a conclusion that the court abused its discretion, yet it is a circumstance which should be weighed with the other facts shown by the record, . . ."

■ Regardless of the merits of a plaintiff's case, he has a duty to use diligence to expedite his action at every stage of the proceedings. (*Raggio* v. *Southern Pac. Co.,* 181 Cal. 472, 475 [185 P. 171]; *Netzley* v. *Hillstrom,* 122 Cal.App.2d 417, 421 [265 P.2d 57].) Code of Civil Procedure, section 583, does not condition a dismissal for want of prosecution upon the relative merits of a case.

In view of the facts and circumstances shown by the record, we cannot say that the trial court abused its discretion by granting the motion to dismiss.

The judgment is affirmed.

Conley, P. J., and Brown, J., concurred.

A petition for a rehearing was denied January 2, 1962, and appellant's petition for a hearing by the Supreme Court was denied January 31, 1962.