[Civ. No. 26463.    Second Dist., Div. Three.    Feb. 20, 1963.]

ANTONIO DIAZ LUNA, Plaintiff and Appellant, v. FRANCISCO GALVAN VALENZUELA, Defendant and Respondent.

Guerin & Guerin and John J. Guerin for Plaintiff and Appellant.

Manuel Ruiz, Jr., for Defendant and Respondent.

FORD, J.—The superior court granted the defendant's motion to dismiss the action pursuant to a provision of section 583 of the Code of Civil Procedure and rendered a judgment dismissing the action and awarding costs to the defendant. The plaintiff has appealed. The pertinent portion of section 583 is as follows: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial, . . ."

The facts to be considered in determining whether the superior court abused its discretion are these: 1. On December 27, 1957, the plaintiff filed his complaint in which he sought to quiet title and to obtain other relief as against the defendant with respect to certain real property. 2. On March 13, 1958, the defendant filed his answer. 3. A memorandum for setting the case for trial was filed by the plaintiff on March 27, 1958. 4. A pretrial conference was had on January 9, 1959, at which time a trial date of January 29, 1959, was set. 5. The joint pretrial statement, which was made a part of the pretrial conference order, set forth the respective contentions of the parties.[1] 6. In the pretrial conference order was embodied a stipulation of the parties that the title to the real property had stood of record in the name of the defendant since February 19, 1954, and that since that date the defendant had paid taxes and insurance on the property and made the payments due under the deed of

---

[1]Therein the plaintiff's position was stated to be as follows: "Plaintiff contends that his mother, Petra Luna, was the owner of the real property described in the complaint during her lifetime and that on the 17th day of February, 1954, she executed a deed in favor of defendant which the defendant represented to her as a mortgage to secure advances by him for payments on a deed of trust, taxes, etc.; that defendant was raised in the household of said Petra Luna and plaintiff and treated as a member of the family and a confidential relationship existed between defendant and Petra Luna and imposed upon defendant to deal in good faith with Petra Luna; that he did not do so and instead acquired title to the real property herein involved, and presently asserts such title as against the claims of plaintiff, who is a lawful heir of the decedent Petra Luna."

The defendant's position was stated in the following language: "Defendant contends that he is the owner of the real property involved; that he did not represent the deed to be a mortgage; denies that a fiduciary relationship existed between him and Petra Luna and alleges that there was a good and valid consideration for the deed, to wit, the paying of the expenses on the real property during the lifetime of Petra Luna in exchange for a life interest [in the property] in her. Defendant also claims plaintiff is estopped by reason of knowledge prior to the death of Petra Luna of the transaction."

trust thereon, which had been recorded on April 17, 1953. 7. The pretrial conference order contained the following statement: "All depositions and discovery proceedings are completed." 8. The case did not go to trial on the date set and on September 29, 1960, the plaintiff filed a new memorandum for setting the case for trial. 9. The matter was placed on the pretrial conference calendar of May 17, 1961, but was placed off calendar on that date. 10. On August 28, 1961, the defendant filed a notice of motion to dismiss the action for lack of prosecution, together with a memorandum of points and authorities and the affidavit of the defendant's attorney in support of the motion. 11. An affidavit of the plaintiff's attorney was filed in opposition to the motion. 12. Thereafter each counsel filed a further affidavit or certificate. 13. On October 18, 1961, the plaintiff filed a third memorandum for setting the case for trial. 14. On October 19, 1961, the motion of the defendant was granted and a judgment of dismissal was rendered.

In his first affidavit, the defendant's attorney stated that the summons and complaint were not served on the defendant until March 3, 1958. He further stated that since 1957 the plaintiff had been living upon the property without payment of rent, while the defendant had been paying the taxes and the payments due under the terms of the trust deed.

The affidavit of the attorney for the plaintiff contained a statement that at the pretrial conference on January 9, 1959, counsel for the defendant mentioned a possible settlement pursuant to which the defendant would pay $750 to the plaintiff; that thereafter the plaintiff and the defendant agreed to accept such a settlement but the defendant never complied with the agreement. It was further stated in the affidavit that at the pretrial conference it was agreed that if a settlement was not reached the plaintiff would have the right to take the defendant's deposition. The affidavit also contained statements as to the progress of negotiations for settlement.[2]

In his second affidavit, the defendant's attorney denied "that there was ever a settlement agreement concluded between the parties." He further denied that any agreement was made at the pretrial conference with respect to the taking of the defendant's deposition.

[2]Such statements are here omitted since the subject matter is covered in the summary hereinafter made of the contents of the certificate subsequently filed by the plaintiff's attorney.

The plaintiff's attorney, in a certificate filed by him (see Code Civ. Proc., § 2015.5), stated that the case "was orally agreed to be settled for the sum of $750.00 and approved by both parties on January 28, 1959." Thereafter, it was further said in the certificate, on April 1, 1959, the plaintiff's attorney wrote a letter to the defendant's attorney in which it was stated that "the settlement agreement . . . is hereby terminated for failure of performance on the part of your client within a reasonable time." On May 11, 1959, counsel for the defendant wrote to the plaintiff's attorney inquiring as to what had happened with respect to the subject of a bank loan. The letter contained a suggestion that the case might be brought to a close by means of such a loan or by a sale of the property. On July 27, 1959, the defendant's attorney again wrote to the plaintiff's attorney and asked if any progress had been made with respect to obtaining a buyer for the property. On August 6, 1959, the plaintiff's attorney submitted a "counter proposal" in the following words: ". . . that the property be sold and your client reimbursed for all moneys he has paid because of the obligations on said property and funeral expenses, and the balance remitted to Mr. Luna [the plaintiff]." The plaintiff's attorney never received an answer to that letter.[3] He further stated that the matter was placed off the pretrial conference calendar on May 17, 1961, because there had already been a pretrial conference,[4] but he assumed that the second memorandum for setting for trial would still be effective for the purpose of securing a trial date. He then stated: "Affiant did not discover that such Memorandum for setting would not be effective to set the above matter for trial until hearing of the motion to dismiss."

▆▆▆ In determining whether the order dismissing the action was proper, it must be remembered that the discretion is that of the trial court and that the exercise thereof will not be disturbed except in a case of manifest abuse. (*Hayashi* v. *Lorenz*, 42 Cal.2d 848, 851 [271 P.2d 18].) ▆▆▆ The trial court was bound to consider whether the plaintiff had had a reasonable opportunity to bring the action to trial and had discharged the duty imposed upon every person who files an

---

[3]In his prior affidavit, the plaintiff's attorney stated: "The counter proposal of plaintiff was apparently rejected by defendant."

[4]The minute order contains no notation of such a reason. Part thereof is as follows: "Subject to being reset after 30 days upon stipulation or motion of counsel."

action to prosecute it with reasonable promptness and diligence. (*Bonelli* v. *Chandler*, 165 Cal.App.2d 267, 270 [331 P.2d 705].)

The law governing this court in the review of the order is stated in *DeWit* v. *Glazier*, 149 Cal.App.2d 75 [307 P.2d 1031], at pages 81-82, as follows: "In considering an appeal from an order which is based on affidavits and which involves the determination of a question of fact, an appellate court is bound by the same rule that controls where oral testimony is presented for review, namely: (1) if there is any conflict in the affidavits, those favoring the prevailing party are accepted as true; and (2) since all intendments are in favor of the action taken by the lower court, the affidavits in behalf of the successful party are deemed not only to establish the facts directly stated therein, but all facts reasonably to be inferred from those stated. (*Doak* v. *Bruson*, 152 Cal. 17 [91 P. 1001]; *West Coast Securities Co.* v. *Kilbourn*, 110 Cal.App. 293, 297 [294 P. 57].)"

It was a reasonable inference that, in the absence of a settlement, it was to the advantage of the plaintiff to pursue a course of delay in the prosecution of his action since he was living on the real property while the defendant was paying the taxes and making the payments required under the trust deed. It was also a reasonable inference that negotiations for a settlement had proven to be useless by the end of the year 1959. Yet the plaintiff took no further steps to set the cause for trial until September 29, 1960. After the matter was placed off the pretrial conference calendar on May 17, 1961, the plaintiff made no effort either to determine why a trial date had not been set (see Cal. Rules of Court, rule 220*)[5] or to obtain such a date until after the defendant undertook to seek a dismissal of the action for lack of diligent prosecution. The trial court was not bound to accept as a justification for the delay the explanation offered by the plaintiff's counsel. No abuse of discretion can be found in the determination of the trial court that the action should be dis-

---

[5]Rule 220 is in part as follows: "(a) Every case required to be pretried shall be set for trial for a place and time not earlier than the time of filing of the pretrial order and as nearly as possible not later than five weeks after the pretrial conference, giving priority to those cases entitled thereto under the law. This setting for trial shall be by the pretrial judge subject to the supervision or order of the presiding judge, if any."

*Formerly Rules for the Superior Courts, rule 8.12.

missed pursuant to the provision of section 583 of the Code of Civil Procedure to which reference has been made.

The judgment is affirmed.

Shinn, P. J., and Files, J., concurred.