[Civ. No. 231.   Fifth Dist.   Aug. 6, 1963.]

EDNA MAE GHAN McKENZIE, Plaintiff and Appellant, v. KARL ALBAECK et al., Defendants and Respondents.

LeRoy W. Rice for Plaintiff and Appellant.

Baker, Palmer, Wall & Raymond, Robert L. Raymond,

Borton, Petrini, Conron, Brown & Condley and George A. Brown for Defendants and Respondents.

STONE, J.—On November 18, 1957, plaintiff filed a tort action against the defendant doctors and defendant hospital, all of whom answered by February 21, 1958. Various discovery proceedings were instituted by the respective parties; defendant hospital moved for summary judgment, which was denied January 18, 1960. Thereafter additional discovery proceedings were had; pretrial was finally held October 21, 1960, and the action was set for trial on March 20, 1961.

At plaintiff's request, defense counsel stipulated that the March 20, 1961, trial date might be vacated and the case reset for trial "at the request of any party." Pursuant to this stipulation the matter was ordered off calendar. Nothing further was done until July 11, 1962, when plaintiff noticed a motion for an order to restore the case to the pretrial and jury calendars, and to set a date for pretrial. Defendants countered on August 17, 1962, with a motion to dismiss the action for failure to prosecute with reasonable diligence pursuant to Code of Civil Procedure section 583. The court denied the motion to restore the action to the active calendar, and granted the motion to dismiss the action. Judgment was entered pursuant to the order, and this appeal was taken.

The portion of Code of Civil Procedure section 583 here pertinent reads: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial, . . ."

Thus two years is the minimum time which must elapse after the filing of a complaint before a dismissal can be granted. (*Union Bond & Trust Co.* v. *M & M Wood Working Co.*, 179 Cal.App.2d 673, 679 [3 Cal.Rptr. 920].) ▮ Since four years and nine months elapsed here, the only question presented is whether the trial judge abused the discretion referred to in Code of Civil Procedure section 583. (*Bonelli* v. *Chandler*, 165 Cal.App.2d 267, 269 [331 P.2d 705].)

▮ This case is parallel to *Rouse* v. *Palmer*, 197 Cal.App. 2d 666 [17 Cal.Rptr. 509], wherein we pointed out, at page 669, that the discretion specified by Code of Civil Procedure section 583 is that of the trial court, not the reviewing court, and the action of the trial court will be disturbed only on a showing of manifest abuse. (*Hayashi* v. *Lorenz*, 42 Cal.2d

848, 851 [271 P.2d 18].) It is incumbent upon appellant to show that there has been such an abuse of discretion. (*Rouse* v. *Palmer, supra.*)

■ Appellant makes the novel contention that it is an abuse of discretion as a matter of law for a trial court to dismiss an action pursuant to Code of Civil Procedure section 583 unless ''there is a continuous period of over two years with absolutely no activity and no adequate explanation shown by the plaintiff.'' The argument is made that since only 16 months elapsed after appellant obtained a continuance of the trial before she requested a resetting, the judgment must be reversed. Appellant has dissected a number of cases in which the plaintiff's delay and continuous inactivity exceeded two years. From this appellant argues that a two-year period of continuous inactivity by a plaintiff must be shown in order to justify dismissal under Code of Civil Procedure section 583. We find no such ruling enunciated in any of the cited cases; on the other hand, there is a plethora of authority that the two-year minimum period established by Code of Civil Procedure section 583 commences to run from the filing of the complaint, not from the beginning of plaintiff's inactivity. ■ The duty to use diligence to bring the case to trial rests upon the plaintiff at every stage of the proceedings. (*Rouse* v. *Palmer, supra.*)

■ Appellant's contention is at variance with the language of Code of Civil Procedure section 583, and with its history. Originally the section provided that a two-year minimum period after which a trial court might dismiss for failure to bring a case to trial within two years commenced to run from the filing of the answer. An amendment in 1929 authorized dismissal for failure to bring a case to trial within two years after the action is filed, and that language has not been changed. The discretion thus vested in the trial court to dismiss is not limited to cases wherein there has been a two-year period of continuous inactivity by plaintiff.

■ Appellant has demonstrated no abuse of discretion, and we find none in the light of the four years and nine months that elapsed from the filing of the complaint, and plaintiff's delay of 16 months in moving to have the case reset for trial after continuance at her request.

Order and judgment of dismissal affirmed.

Conley, P. J., and Brown (R.M.), J., concurred.