[Civ. Nos. 29904, 29905.   Second Dist., Div. Two.   June 28, 1966.]

GLADYS TOWLES ROOT GEIGER, Plaintiff and Appellant, v. AETNA INSURANCE COMPANY, Defendant and Respondent.

(Two Cases.)

Morris Lavine and Caryl Warner for Plaintiff and Appellant.

Thomas P. Menzies and James O. White, Jr., for Defendant and Respondent.

HERNDON, J.—Plaintiff appeals from the judgments of dismissal entered in two actions which she brought against respondent Aetna Insurance Company. In each action plaintiff sought to recover under a contract of insurance issued by respondent. These actions were dismissed for want of prosecution. (Code Civ. Proc., § 583.) The judgments of dismissal were entered 4 years, 11 months and 21 days, and 4 years and 10 months, respectively, after the actions were commenced.

Appellant filed her actions on April 26, 1960, (Civil 29904), and May 17, 1960 (Civil 29905). Although the duty to prosecute an action with diligence always abides with the plaintiff, appellant's affidavits filed in opposition to respondent's motions to dismiss fail to make even a flimsy showing of diligence. Indeed, the record presents a classic case of neglect and dilatory conduct. As recently restated in *Bella Vista Dev. Co.* v. *Superior Court*, 223 Cal.App.2d 603, 614 [36 Cal.Rptr. 106], and *Preiss* v. *Good Samaritan Hospital*, 171 Cal.App.2d 559, 563 [340 P.2d 661]: " 'The established doctrine in this state is that it is the plaintiff upon whom rests the duty to use diligence at every stage of the proceeding to expedite his case to a final determination. It is true that the defendant may bring about a trial of the case, but he is under no legal duty to do so. His presence in the case is involuntary and his attitude toward it is quite different from that of the plaintiff; he is put to a defense only, and can be charged with no neglect for failing to do more than meet the plaintiff step by step.' [Citation.] "

Aside from successfully frustrating respondent's early and continued efforts to complete the taking of her deposition, appellant apparently did nothing during the years her actions were pending to bring them to trial until April 9, 1965, when she obtained an order in each case shortening time for the hearing on her motion for an early trial setting. This was less than a month before the expiration of the 5-year period. This motion came on for hearing before Judge Aubrey Irwin in Department One of the Los Angeles Superior Court on April 13, 1965. The minutes of that department state: "Motion transferred to Dept. 2." The minutes of department

2 for the same date state: "Motion of plaintiff for early setting for trial. Transferred from Dept. 1. Motion granted. Pre-Trial set for April 19, 1965 at 1:30 p.m. without prejudice to defendant's making a motion for dismissal if they should see fit to [make] such a motion."

Respondent then filed its motions to dismiss which were heard in department 63 on April 16, 1965. These motions were granted and the instant appeals ensued. Although it is incumbent upon an appellant to show that the trial court has abused its discretion (*McKenzie* v. *Albaeck*, 219 Cal.App.2d 97, 98 [32 Cal.Rptr. 762] ; *Rouse* v. *Palmer*, 197 Cal.App.2d 666, 669 [17 Cal.Rptr. 509]), appellant has not shown, and in view of the record herein obviously could not show, the slightest basis for her contention that there was an abuse of discretion in the instant cases.

Appellant's explanations or excuses for her manifest tardiness in prosecuting the actions are unacceptable on their face. Her declarations in opposition to respondent's motions state in pertinent part: "That declarant has unwittingly advanced her work as an attorney officer of the court, over her own personal affairs, including the trial of the within cases, in that since December 4, 1963, the date that [Civil 29905] went off calendar, declarant has been continuously engaged in the trial of various cases in the courts; that in addition, declarant has been perplexed by various personal family matters and personal financial and tax problems, and in addition, her associate of 20 years, Eugene V. McPherson, left the office; that each of these matters have interfered with declarant's attention to the above trials . . . .

"Declarant was further delayed in preparing the causes herein for trial, by reason that pertinent inventory and appraisement information relating to the cause of actions sued on was unavailable to declarant in that such material was in the possession of Mr. Cahee, who has been out of the country from Dec. 1960 to Feb. 1965 according to information given to declarant."

Appellant's contention that respondent was estopped to move for dismissal because it had indicated to her that no settlement discussions would be undertaken until after she had completed her deposition is self-defeating. Knowing respondent's position, appellant's consistent refusal to arrange for the completion of her deposition might have effected an estoppel against *her* right to move for an early trial setting shortly less than five years after the filing of her actions, but

certainly not against *respondent's* right to move for their dismissal.

Appellant also asserts, although unsupported by the record, that Judge Aubrey Irwin remarked that he would not let these cases go by default. Assuming the truth of this assertion, it might explain why Judge Irwin transferred appellant's motion for an early trial setting to department 2 for hearing rather than denying it out of hand, but it clearly has no bearing upon the action subsequently taken upon respondent's motion to dismiss.

In an apparent attitude of plaintiveness, appellant reminds us that respondent is a foreign corporation represented by local counsel and that if the judgments dismissing her actions are affirmed, this foreign insurance company will be "allowed to go hence free" without compensating her for the losses which she allegedly sustained. This question-begging argument requires no discussion.

The present appeals are patently frivolous and constitute an abuse of the processes of this court. The judgments are affirmed and respondent shall recover its costs on appeal together with a penalty in the amount of $300. (Cal. Rules of Court, rule 26(a).)

Roth, P. J., and Fleming, J., concurred.

A petition for a rehearing was denied July 19, 1966, and appellant's petition for a hearing by the Supreme Court was denied August 24, 1966.