[Civ. No. 29894. Second Dist., Div. One. Aug. 12, 1966.]

RICHARD H. CLINTON, Plaintiff and Appellant, v. JOSHUA HENDY CORP. et al., Defendants and Respondents.

Sheldon Berlin for Plaintiff and Appellant.

Robert Sikes and Leon A. Pinney for Defendants and Respondents.

LILLIE, J.—Appellant filed an action for damages against various parties, including Joshua Hendy Corp., respondent herein, on June 11, 1959, in the municipal court; the same was transferred to the superior court on September 8, 1959. Thereafter, plaintiff took no steps to bring the action to trial against Joshua Hendy Corp. until a certificate of readiness was filed in latter 1964. No further action having been taken in that regard, Joshua Hendy Corp. on February 3, 1965, filed its notice of motion to dismiss the complaint under the provisions of section 583, Code of Civil Procedure. On February 11, 1965, the motion was granted and the court entered its order dismissing the action as to ''ALL DEFENDANTS'' under section 583. Plaintiff appeals from the order.

Over three years before, in 1961, other named defendants in the same action—International Organization of Masters, Mates & Pilots, West Coast Local No. 90, and Captain Robert E. Durkin, moved the court for a dismissal for want of prosecution. The motion was granted dismissing the action ''pursuant to the provisions of section 583 C.C.P.,'' on October 20, 1961; accordingly, the suit was dismissed as to those defendants. Appellant took no appeal from this order of dismissal, but thereafter, on November 1, 1961, moved the superior court for ''Reconsidering the Court's Order of Dismissal''; the

motion was denied. Instead of appealing from the order of dismissal of October 21, 1961, he appealed from the order of November 1, 1961, denying his "Motion for Reconsidering the Court's Order of Dismissal." On February 14, 1963, division four of this court in *Clinton* v. *International Organization of Masters, Mates & Pilots, West Coast Local #90 and Captain Robert E. Durkin,* Civil No. 26330 [213 Cal.App.2d 36 (28 Cal.Rptr. 488)], filed its opinion dismissing the appeal on the ground that the order denying the motion for reconsideration is a nonappealable order. Plaintiff's petition for hearing in the Supreme Court was denied. Defendant Joshua Hendy Corp., respondent herein, was not a party to the above appeal nor to the proceedings in the superior court giving rise to the appeal. While it is true that the order of dismissal herein (February 11, 1965) was entered as to "ALL DEFENDANTS," it is apparent from the record that it applies solely to Joshua Hendy Corp., the moving party. The order in no manner affects International Organization of Masters, Mates & Pilots, West Coast Local No. 90, and Captain Robert E. Durkin, who, on February 11, 1965, were no longer parties to the action, the order dismissing the same as to them for want of prosecution under section 583 having been entered October 20, 1961, and become final. Appellant argues that the October 20, 1961, order of dismissal was ineffective because the dismissal was not "in the form of a written order signed by the court" under section 581d, Code of Civil Procedure; but the argument is without merit because prior to 1963, under section 581d a dismissal in the form of a minute order was proper.

Shorn of its redundancies and irrelevant arguments concerning his subsequent "Motion for Reconsideration and Vacation of Order of Dismissal" (on which no hearing was had and no order made), "Notice of Intention & Motion For A New Trial" (which the trial judge ordered filed without setting for hearing because "there can be no 'motion for new trial' after action dismissed for want of prosecution pursuant to C.C.P. § 583") and "Motion For Bringing in New Parties Under 'C.C.P. #389'" (not part of this appeal), appellant's brief urges primarily that under neither the mandatory nor discretionary provisions of section 583, Code of Civil Procedure, is the action against Joshua Hendy Corp. subject to dismissal.

Section 583, Code of Civil Procedure, provides in pertinent part: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due

notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial, [citing certain exceptions not here pertinent] . . . Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, [citing certain exceptions not here pertinent] . . .''

█ Operation of the five-year limitation provision of section 583, Code of Civil Procedure, is mandatory unless the plaintiff can bring his case within one of the exceptions made by the statute or within one of the implied exceptions recognized by decisions (*Adams* v. *Superior Court,* 52 Cal.2d 867, 870 [345 P.2d 466]; *Rose* v. *Knapp,* 38 Cal.2d 114, 117 [237 P.2d 981]; *Eddings* v. *White,* 229 Cal.App.2d 579, 584-585 [40 Cal.Rptr. 453]; *Tew* v. *Tew,* 160 Cal.App.2d 141, 144 [324 P.2d 625]); the burden of proving such exception lies with the plaintiff. (*Muller* v. *Muller,* 179 Cal.App.2d 815, 819 [4 Cal.Rptr. 419].) The action was filed in the municipal court on June 11, 1959, and transferred to the superior court on September 8, 1959; the same had not been brought to trial on or before February 11, 1965, almost five and one-half years later. █ Appellant argues that ''the time consumed during the prior appeal is tolled and such is not comprised in the five-year period, and hence the statutory five-year period has not elapsed.'' He attempts to bring himself within the following exception set forth in section 583: ''When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial (or when an appeal has been taken from an order granting a new trial and such order is affirmed on appeal), the action must be dismissed by the trial court, . . . unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court.''

This provision expressly applies only to a new trial of an action in which judgment has been entered and an appeal taken with reversal and remand for a new trial. ''The statutory language is clear and the limitation therein expressed is not subject to construction or interpretation.'' (*Muller* v. *Muller,* 179 Cal.App.2d 815, 819 [4 Cal.Rptr. 419].) The exception is not applicable herein for a variety of reasons. First, the appeal on which appellant relies to toll the five-year

period was not one involving this respondent, Joshua Hendy Corp. Second, the "appeal" to which appellant refers was taken by him from a nonappealable order—denying reconsideration of order of dismissal of action for want of prosecution. No appeal was taken from the appealable order of dismissal entered October 20, 1961, on the motion of the other defendants. Not only were parties other than Joshua Hendy Corp. involved in the so-called appellate proceeding, but actually no proper appeal was ever pending and the court so held, dismissing the same. (*Clinton* v. *International Organization of Masters, Mates & Pilots, et al.,* Civil No. 26330 [see opinion filed February 14, 1963] [213 Cal.App.2d 36 (28 Cal.Rptr. 332)].) Finally, no reversal of judgment or remand for a new trial contemplated by section 583 ever existed; nor was the purported appeal taken "after judgment" as required by the statute, because no judgment has ever been rendered on any issue in the action. (*Muller* v. *Muller,* 179 Cal.App.2d 815, 819 [4 Cal.Rptr. 419].) Defendant Joshua Hendy Corp. was entitled to a dismissal, the action not having been brought to trial within the statutory five-year period.

Both parties have discussed dismissal of the action under the two-year provision of section 583 and, while we have concluded that the action was properly dismissed under the five-year provision, it further appears that the same could have been dismissed under the following provision: "The court may in its discretion dismiss any action for want of prosecution . . . whenever plaintiff has failed for two years after action is filed to bring such action to trial, . . ." (Code Civ Proc., § 583.) Up to the latter part of 1964 no steps were taken by plaintiff to bring the within action to trial between himself and Joshua Hendy Corp. The two-year discretionary period under the provisions of section 583, Code of Civil Procedure, expired at most in September 1961.

Appellant claims that if the trial court made its order under the above provision, it committed error in failing to file findings of fact and conclusions of law under section 632, Code of Civil Procedure, because "a ruling under the two-year discretionary dismissal provision requires a determination of a question of fact. . . ." (A.O.B. p. 7.) The contention is without substance. Section 632 provides that "upon the trial" of a question of fact by the court, its decision must be given in writing, and in giving the same, the facts found and the conclusions of law must be separately stated. This section specifically refers to a "trial"; it contains no mention of hearings

on motions and, as said in *Carpenter* v. *Pacific Mut. Life Ins. Co.*, 10 Cal.2d 307 [74 P.2d 761], "Findings are required and necessary only where a statute so provides." (Pp. 327-328.) Findings need not be made in proceedings to determine a motion even though affidavits are filed on a question of fact and testimony is taken to augment the accompanying affidavits. (*DeLong* v. *Miller*, 133 Cal.App.2d 175, 178 [283 P.2d 762].) The hearing and decision on the motion is not the "trial" and "judgment" contemplated in section 632, Code of Civil Procedure.

■ Whether to dismiss an action for want of prosecution where two years have elapsed after the filing of the complaint is a matter within the discretion of the trial court, and the action of the court will be disturbed only upon a showing of manifest abuse (*Hayashi* v. *Lorenz*, 42 Cal.2d 848, 851 [271 P.2d 18]; *McKenzie* v. *Albaeck*, 219 Cal.App.2d 97, 98 [32 Cal.Rptr. 762]; *Rouse* v. *Palmer*, 197 Cal.App.2d 666, 669 [17 Cal.Rptr. 509]); it is incumbent upon appellant to show that there has been such an abuse of discretion. (*Rouse* v. *Palmer*, 197 Cal.App.2d 666, 669 [17 Cal.Rptr. 509]; *Bonelli* v. *Chandler*, 165 Cal.App.2d 267, 270 [331 P.2d 705].)

■ The trial court is bound to consider on a motion to dismiss not only whether plaintiff had a reasonable opportunity to bring the action to trial (*Bank of America* v. *Superior Court*, 84 Cal.App.2d 34, 38 [189 P.2d 799]; *Ojeda* v. *Municipal Court*, 73 Cal.App.2d 226, 231 [166 P.2d 49]), but whether plaintiff discharged the duty falling on every person who files an action to prosecute it with reasonable promptness and diligence. (*Bonelli* v. *Chandler*, 165 Cal.App.2d 267, 270 [331 P.2d 705].) It is the plaintiff upon whom rests the duty to use diligence at every stage of the proceeding to expedite his case to a final determination. (*Bella Vista Dev. Co.* v. *Superior Court*, 223 Cal.App.2d 603, 614 [36 Cal.Rptr. 106]; *Luna* v. *Valenzuela*, 213 Cal.App.2d 232, 236-237 [28 Cal.Rptr. 649].) The record before us is devoid of affidavits in opposition to the motion to dismiss or any mention of any preliminary proceedings, plaintiff claimed in his memorandum in opposition to motion for dismissal, had been had during the last five and one-half years. It appears, however, from appellant's opening brief that his neglect of the within action against respondent herein was due to "the mistake of filing in municipal court and attempting to find federal court jurisdiction where there was none." (P. 10.) Actually, only three months were "lost" to plaintiff by having filed his action in

the municipal court (June 11, 1959) ; it was transferred to the superior court on September 8, 1959. While it is not clear from the record before us, it is again apparent from appellant's brief that during the pendency of the within action he filed "the same action against the same respondents on the same cause" several times in the United States District Court—in February 1960 and again in March 1960, which cases were dismissed by the federal court for lack of jurisdiction. In the trial court, as here, plaintiff pleaded "that he appeared in propria persona" until he filed his memorandum in opposition to motion for dismissal; obviously, this fact, together with the fact evidenced by the file that regardless of his forays into the federal court plaintiff had a reasonable opportunity to bring the within action to trial against this respondent and failed to use reasonable diligence to expedite his case to a final determination in the superior court, was considered by the trial judge in the exercise of his discretion. While appellant may have represented himself in most of the proceedings on the trial court level, he reveals in his brief that he has had extensive experience in litigation in our courts, including the federal court in which in several matters he appeared in propria persona. In *Clinton* v. *United States*, 297 F.2d 899, at page 901, the Ninth Circuit Court of Appeals commented on appellant's extensive experience at litigating, citing some nine cases in federal courts alone in which he was the plaintiff and represented himself.

We find nothing in the record before us to show any abuse of the trial court's discretion if the dismissal was based upon want of prosecution during the two-year period; nor has appellant presented any facts which might justify his delay in bringing the action to trial.

The order is affirmed.

Wood, P. J., and Fourt, J., concurred.