[Civ. No. 34229.  Second Dist., Div. Four.  Jan. 30, 1970.]

DIVERCO CONSTRUCTORS, INC., Plaintiff and Appellant, v.
HERMAN WILSTEIN et al., Defendants and Respondents.

**8**

---

[REDACTED]

---

## COUNSEL

Booth, Mitchel, Strange & Willian and George C. Mitchel for Plaintiff and Appellant.

Robert G. Leff for Defendants and Respondents.

---

## OPINION

**DUNN, J.**—This is an appeal from an order dismissing an action for want of prosecution, granted on respondents' motion pursuant to the discretionary provisions of Code of Civil Procedure, section 583. The action named

numerous defendants; the dismissal was granted as to the moving parties (respondents herein), only.[1]

On October 8, 1963 appellant corporation filed its complaint to foreclose mechanics' liens and for money allegedly due. Service of the summons and complaint was effected on various defendants, including respondents, January 6 and 7, 1964. On April 1, 1964, respondents filed a demurrer, which was sustained in part and on April 22, 1964, appellant filed its amendment to complaint. On May 18th respondents filed a demurrer to the complaint as amended which was heard and overruled. On June 11, 1964, their answer was filed.

On August 4, 1964, appellant filed a pretrial conference setting request and the court set the case for pretrial hearing on February 3, 1965, later notifying the parties that unless a completed certificate of readiness was filed by January 22, 1965, the setting would be vacated and the case removed from the civil active list. Appellant did not file the certificate and the setting was vacated.

On January 6, 1965, respondents served and filed interrogatories to appellant whose answers were filed on April 6, 1965. Meanwhile, by letter under date of January 5, 1965, counsel for respondents requested that appellant stipulate to the filing of a cross-complaint. Appellant refused so to stipulate, and on February 17, 1965, respondents filed a motion for an order permitting the filing of a cross-complaint. Appellant filed an opposition to the motion based upon respondents' delay but the motion was granted on March 1, 1965, and appellant's answer to it was filed on March 11th.

Thereafter, nothing occurred until the filing by appellant of interrogatories to respondents on January 18, 1966. The answers to these were not filed until October 17, 1966. On February 2, 1967, appellant noticed the taking of depositions of two of the respondents, Leonard Wilstein and David Wilstein, for February 24, 1967. David Wilstein's deposition was not begun until March 21st, however, and was continued to April 19th when it was completed. It does not appear that Leonard Wilstein's deposition ever was taken. The deposition of one Martin Malis was taken by appellant on August 23, 1967.

On December 13, 1967, appellant filed an "At-Issue Memorandum and Certificate of Readiness," requesting a trial setting conference. Then, becoming concerned lest the regular procedure of the superior court would not result in a trial date before October 8, 1968, (five years after the filing

---

[1]Respondents are Herman, Leonard and David Wilstein, individually, Wilson Construction and Development Corporation, Reeves Towers, Capital Exchange Company and Elm Towers (the latter three being partnerships).

of the action), appellant on February 16, 1968, filed a motion for an order specially setting the cause for an early trial setting conference. On February 21st the motion was granted, and a trial setting conference held. On February 23, 1968, the parties were notified that the trial (nonjury) was set for August 8, 1968.

On August 8th the case was called and assigned to a trial department. Respondents' motion before the trial judge to vacate the trial date was denied. Respondents then moved to dismiss on the ground that: appellant's corporate powers had been suspended on July 1, 1965, for failure to pay corporate taxes, and appellant's motion to accelerate the trial date and the setting of the trial date therefore was void. Respondents supported the motion by presenting a Certificate of Suspension issued by the Secretary of State. Appellant, in opposition to the motion, offered a Certificate of Revivor received from the Franchise Tax Board which showed appellant-corporation was reinstated as of August 6, 1968.

Argument of respondents' motion, and the trial, were continued to August 9th. At the conclusion of argument, the trial judge of his own motion ordered the case off calendar for the stated reason that he believed "all action taken by appellant" (following suspension of its corporate powers) was "null and *void*" and that until appellant again took the necessary steps to bring the case on for trial, appellant "has no standing in this court."

Accordingly, on that same date appellant filed a motion for an order setting the case for an early trial setting conference and respondents filed an opposition to the motion. On August 12th respondents, for the first time, filed a motion to dismiss for want of prosecution under Code of Civil Procedure, section 583 on the ground that appellant had failed for two years after filing the action to bring it to trial. On August 15th appellant's motion to set was granted, and the case was set for pretrial conference on August 21st and for trial on September 26, 1968. The order specified it was made without prejudice to a ruling on the pending motion to dismiss.

On August 21, 1968, a pretrial conference was held in one department of the court and respondents' motion to dismiss was argued in another. The court hearing the motion granted it and made an order of dismissal. On August 23d appellant filed a motion to reconsider that order which was denied on September 26th. Appellant prosecutes this appeal from the order of dismissal,[2] urging the following reasons for reversal: (1) the action was

---

[2]In the notice of appeal it is stated that appellant also appeals from the order of September 26, 1968 denying the motion to reconsider the order of dismissal. In its brief appellant does not mention the order of September 26, which is not appealable in any event. (Code Civ. Proc., § 904.1; *Hsu* v. *City etc. of San Francisco* (1966) 240 Cal.App.2d 317, 318 [49 Cal.Rptr. 531]; *Daley* v. *County of Butte* (1964) 227 Cal.App.2d 380, 388 [38 Cal.Rptr. 693]; *Taliaferro* v. *Davis* (1963) 216 Cal.App.2d 860, 863 [31 Cal.Rptr. 443].)

"brought to trial," thus precluding dismissal under the two-year provision of Code of Civil Procedure, section 583; and (2) the court abused its discretion in dismissing the action.

Because of our ruling on the second point, we need not consider the first point, namely, whether a "trial" was begun on August 8th or 9th, 1968.

Code of Civil Procedure, section 583 provides that an action may, within the court's discretion, be dismissed for want of prosecution where a plaintiff has failed to bring his action to trial within two years after it has been filed. ▮ Under this provision a court's disposition of a motion will not be disturbed on appeal unless its discretion has been abused. *Weeks* v. *Roberts* (1968) 68 Cal.2d 802, 806 [69 Cal.Rptr. 305, 442 P.2d 361]; *Hayashi* v. *Lorenz* (1954) 42 Cal.2d 848, 851 [271 P.2d 18]; *Hillsdale Builders Supply Co.* v. *Eichler* (1952) 109 Cal.App.2d 117, 118 [240 P.2d 343]; *Grass* v. *Rindge Co.* (1927) 84 Cal.App. 750, 763 [258 P. 673]. ▮ The burden is upon the appellant to show an abuse of discretion. *Carnation Co.* v. *Superior Court* (1969) 1 Cal.App.3d 891, 895 [82 Cal.Rptr. 98]; *Clinton* v. *Joshua Hendy Corp.* (1966) 244 Cal.App.2d 183, 188 [52 Cal.Rptr. 875]; *McKenzie* v. *Albaeck* (1963) 219 Cal.App.2d 97, 99 [32 Cal.Rptr. 762]; *Netzley* v. *Hillstrom* (1954) 122 Cal.App.2d 417, 420 [265 P.2d 57].

In *Carnation Co.* v. *Superior Court* (1969) *supra,* 1 Cal.App.3d 891, 895, the court stated the following rules: "In effect, two bench marks are utilized by the trial judge in determining whether or not a plaintiff has met his burden of showing good cause for the delay in bringing a matter to trial. The first bench mark is a quantitative one—how much time has elapsed from the date of the filing of the complaint to the date of the filing of the motion to dismiss. The second bench mark is a qualitative one—the nature of the circumstances specified by the plaintiff as his excuse for not bringing the matter to trial at an earlier date."

The factors of delay previously outlined, together with appellant's explanations and excuses therefor, were considered by the judge entertaining respondents' motion to dismiss. However, there is an added factor which, as will be mentioned later herein, the judge was not in position to consider and that is the ruling of August 9, 1968, made after the matter was assigned to a trial court.

The proceedings of August 8th and 9th were exclusively devoted to argument of respondents' motion to dismiss on the ground that appellant's corporate powers had been suspended for nonpayment of corporate taxes[3]

---

[3]Revenue and Taxation Code section 23301: ". . . [T]he corporate powers, rights and privileges of a domestic taxpayer shall be suspended . . . [i]f any tax, penalty or interest, or any portion thereof, which is due and payable . . . is not paid . . . ."

on July 1, 1965, approximately one year and nine months after the action had been filed. Appellant presented a certificate showing its corporate powers had been revived on August 6, 1968.[4] Nevertheless, the judge ordered the case off calendar, concluding that all action taken by appellant following suspension of its corporate powers was void, and appellant, therefore, had no standing in court.

■ Suspension of corporate powers is a defense which may be asserted so long as the party-corporation is under disability. Upon revival of its corporate powers, however, the party may proceed with the prosecution or defense of the action. *Traub Co.* v. *Coffee Break Service, Inc.* (1967) 66 Cal.2d 368, 370-371 [57 Cal.Rptr. 846, 425 P.2d 790]; *A. E. Cook Co.* v. *K. S. Racing Enterprises, Inc.* (1969) 274 Cal.App.2d 499 [79 Cal.Rptr. 123]; *Pacific Atlantic Wine, Inc.* v. *Duccini* (1952) 111 Cal.App.2d 957, 967 [245 P.2d 622]; *Hall* v. *Citizens Nat. Trust & Sav. Bank* (1942) 53 Cal.App.2d 625, 630 [128 P.2d 545]; *Maryland Cas. Co.* v. *Superior Court* (1928) 91 Cal.App. 356, 363-364 [267 P. 169]. ■ Since appellant's corporate powers had been revived two days before respondents made their motion to dismiss, the motion was groundless. The prior activities of appellant corporation, in undertaking discovery and appearing on and filing motions, were not a nullity. Its legal rights were merely suspended and were revived, like an unconscious person revived by artificial respiration. Therefore, the trial judge erred in ordering the case off calendar and should have ordered the trial to proceed, counsel for both parties having indicated they were ready. Appellant had its first witness in court, prepared to be placed on the stand and sworn.

■ So far as appears from the record, the action would have been brought to trial[5] on August 8th but for the court's act of placing the case off calendar.

It is important to note that the motion to dismiss was not filed until August 12th, four days after the trial date. ■ While it is true that a lower court has wide discretion in ruling on such a motion, this discretion

---

[4]Revenue and Taxation Code section 23305: "Any taxpayer which has suffered the suspension or forfeiture provided for in Section 23301 . . . may be relieved therefrom upon making application therefor in writing to the Franchise Tax Board and upon payment of the tax and the interest and penalties for nonpayment of which the suspension or forfeiture occurred . . . and upon the issuance by the Franchise Tax Board of a certificate of revivor."

[5]An action tried by the court without a jury is "brought to trial" under Code of Civil Procedure, section 583 if even one witness is sworn and gives any testimony. *Bella Vista Dev. Co.* v. *Superior Court* (1963) 223 Cal.App.2d 603, 608 [36 Cal. Rptr. 106]; *Kadota* v. *City & County of San Francisco* (1958) 166 Cal.App.2d 194, 195 [333 P.2d 75].

is not unlimited and must be exercised in accordance with the spirit of the law and with a view to subserving, rather than defeating, the ends of substantial justice. *Raggio* v. *Southern Pac. Co.* (1919) 181 Cal. 472, 475 [185 P. 171]; *Ferris* v. *Wood* (1904) 144 Cal. 426, 428 [77 P. 1037]; *Bailey* v. *Taaffe* (1866) 29 Cal. 422, 424; *City of Los Angeles* v. *Superior Court* (1969) 271 Cal.App.2d 292, 294 [76 Cal.Rptr. 256]; *Sprajc* v. *Scandinavian Airlines System, Inc.* (1966) 240 Cal.App.2d 935, 938 [50 Cal.Rptr. 181]; *Knight* v. *Pacific Gas & Elec. Co.* (1960) 178 Cal.App.2d 923, 929 [3 Cal.Rptr. 600]. ■ "But the power to dismiss should be used 'in view of the facts of the entire situation,' taking into account any unusual circumstances, and acting to promote substantial justice." *Weeks* v. *Roberts, supra,* 68 Cal.2d at p. 806.

Though this appeal is from the order dismissing the action, we may with propriety review the proceedings in the trial department resulting in the order placing the case off calendar. *Grafft* v. *Merrill, Lynch, Pierce, Fenner & Beane* (1969) 273 Cal.App.2d 379, 380 [78 Cal.Rptr. 42]. In this respect, an appellate court is in a different position than is the superior court judge who passed upon the motion to dismiss. Under the circumstances of the motion, that judge was not placed in position to review the prior order placing the case off calendar, made by another judge sitting in a trial department and having equal judicial authority. Thus, we do not say the judge hearing the motion abused his discretion, his hands being procedurally tied. ■ However, though a court may be divided into many specialized departments such as civil trials, criminal trials, law and motion, probate, juvenile hearings, writs and receivers, etc. as is the Superior Court of Los Angeles County, we treat such court as a single entity; we review any claimed abuse of discretion as the discretion of the court as a whole. Thus, section 583 of the Code of Civil Procedure says: "The *court* may in its discretion dismiss" (italics added), and does not refer to a "judge," as such.

■ It appears to us from the circumstances of this case that the court below came to an improper conclusion. It is therefore our duty to reverse the order of dismissal. *Raggio* v. *Southern Pac. Co., supra,* 181 Cal. at p. 475.

As this action was filed October 8, 1963, the five-year mandatory time for trial provided by Code of Civil Procedure, section 583 would have expired October 8, 1968. Section 583 grants time extensions, not here applicable, in certain types of reversals on appeal. ■ By virtue of the lower court's order of dismissal made August 21, 1968, trial was made

impossible. Therefore, the statute should be tolled for the period during which the impossibility existed, namely, from August 21, 1968 until the remittitur is filed from this appeal. This restores appellant to the position it formerly occupied, having 48 days within which to bring the action to trial.[6]

The order of dismissal is reversed with directions to set this case for trial to commence within 48 days of the filing of the remittitur. (See: *Weeks* v. *Roberts,* 68 Cal.2d 802 at pp. 808-809 [69 Cal.Rptr. 305, 442 P.2d 361].)

Files, P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied February 18, 1970, and respondents' petition for a hearing by the Supreme Court was denied March 25, 1970.

---

[6]From August 21 to October 8, 1968 is 48 days.