[Civ. No. 48211. First Dist., Div. One. Mar. 4, 1982.]

CHARLES M. DEAS, Plaintiff and Respondent, v.
CHARLES H. KNAPP, Defendant and Appellant.

COUNSEL

Siegfried Hesse and Charles M. Fisher for Defendant and Appellant.

John Sutter and Robert M. Baird for Plaintiff and Respondent.

OPINION

**ELKINGTON, Acting P. J.**—Plaintiff Charles M. Deas, claiming to be a creditor of defendant real estate broker, Charles H. Knapp, on behalf

of himself and others similarly situated, commenced an action to set aside several conveyances of real property from defendant Charles H. Knapp to his son, defendant Keith C. Knapp, on the ground that they "were made with the intent to hinder, delay or defraud creditors" of defendant Charles H. Knapp. Judgment was thereafter entered in favor of Deas (plaintiff) and those whom he represented (class plaintiffs) and the conveyances were declared "annulled and set aside."

Defendant Charles H. Knapp has appealed from the judgment. Defendant Keith C. Knapp has *not* so appealed.

Defendant Charles H. Knapp (hereafter appellant), as we interpret his appellate contentions, makes *three* principal arguments.

The *first* is that as to the instant fraudulent conveyance action "the Supreme Court in [*Deas* v. *Knapp* (1981) 29 Cal.3d 69 (171 Cal.Rptr. 823, 623 P.2d 775)] ruled that appellant could relitigate the basis of the underlying judgment" upon which the class plaintiffs' claims to be his creditors was based, something that the trial court of the fraudulent conveyance action erroneously failed and refused to do.

The contention is calculated to extend "lengthy administrative and judicial proceedings," the continuation of which was roundly criticized in the concurring and dissenting opinion of Mosk, J., and Bird, C. J., in *Deas* v. *Knapp, supra*, 29 Cal.3d 69, 80-81. We shall here endeavor to dispose of that issue permanently.

■ The judgment of the "underlying action" in which the class plaintiffs' status as judgment creditors of appellant was adjudicated, was founded upon *two factual determinations.*

The *first* was that appellant, contrary to law (Bus. & Prof. Code, §§ 10240-10248), had overcharged plaintiff and class plaintiffs on trust deed loans, thus becoming liable to them in damages according to section 10246. (See *Deas* v. *Knapp, supra*, 29 Cal.3d 69, 73.) That finding alone supported the judgment. "'[I]f in any case there be one clear, sustained and sufficient finding upon which the judgment may rest, every presumption being in favor of the judgment, it will be here concluded that the court did rest its judgment upon that finding, or those findings, and the others may and will be disregarded.'" (*Brewer* v. *Simpson* (1960) 53 Cal.2d 567, 584 [2 Cal.Rptr. 609, 349 P.2d 289].)

Moreover, it appears conceded, at least no contrary contention is made, that appellant had, in fact, so overcharged plaintiffs.

Additionally, the trial court of the earlier action then made a *second* factual finding, i.e., that the conduct of appellant in overcharging on the trust deed loans was *"fraudulent."*

In the course of time that judgment, declaring plaintiff and class plaintiffs to be judgment creditors of appellant Knapp, became final, and subject to the well-known rule of res judicata. (See 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 147 et seq., p. 3292 et seq.)

The judgment remaining unsatisfied, plaintiff and class plaintiffs sought its partial, or total, payment under the procedures established by the "Real Estate Education, Research and Recovery" fund (hereafter recovery fund) established by Business and Professions Code sections 10470-10483.

The recovery fund is maintained by real estate license fees, and under certain circumstances may be used by the Real Estate Commissioner to satisfy claims against licensees founded upon their "fraud, misrepresentation or deceit." But, manifestly to protect the fund against collusive or other such unjust claims, the statute provides that such claims against the recovery fund even though reduced to final judgment, are not conclusive against the fund, or the commissioner.

In the recovery fund proceedings, after lengthy administrative hearings and, as noted, extended judicial proceedings (which generated three appellate court opinions including the above mentioned *Deas v. Knapp*, 29 Cal.3d 69), this court finally ruled, by an unpublished opinion, that although *violation of the statute* had been established as determined by the *first* of the trial court's findings, nevertheless *fraud*, according to the *second*, had not. Our decision was based upon uncontroverted evidence that although appellant Knapp had violated the subject statutes, thus becoming liable in damages to plaintiff and class plaintiffs, he had *not* fraudulently done so, because he had made known to them the manner in which he was conducting his business with them. Under the related statutes (Bus. & Prof. Code, §§ 10470-10483) which allow recourse to the recovery fund only upon claims based on fraud, it was held that at least as to the class plaintiffs the recovery fund was unavailable.

Appellant here insists that by virtue of the recovery fund proceedings, the judgment, insofar as it established plaintiffs other than Deas (i.e., the class plaintiffs) to be creditors of appellant, had lost its res judicata effect, and that he should have been allowed to relitigate it at the trial of the instant fraudulent conveyance action.

The argument is patently without merit. *Deas v. Knapp, supra,* 29 Cal.3d 69, 80, expressly holds in general, and particularly as to the case at bench, that the statute here under consideration *"does not modify the prior judgment's conclusive effect on issues other than fraud, misrepresentation, deceit, or conversion of trust funds ...."* (Italics added.)

The earlier judgment, and *Deas v. Knapp, supra,* 29 Cal.3d 69, have therefore established, as res judicata, that plaintiff and class plaintiffs at the time of the trial of the instant fraudulent conveyance action were, and now are, judgment creditors of appellant Knapp.

Appellant's *second* appellate contention is that the judgment here under appeal must be reversed for "lack of equity in claims of all plaintiffs other than Deas."

We observe a concession of appellant that "there is substantial evidence [i.e., found true by the trial court] to support the judgment [i.e., declaring the conveyance to have been made with *intent* to defraud creditors] ...." One who is so found to have had the intent to defraud creditors in an action to set aside a related conveyance, would seem to have scant reason for consideration under principles of equity.

Moreover, we are furnished with no evidentiary record of "the underlying class" action, or at least no record reference thereto is made (see rule 15(a), Cal. Rules of Court), tending to establish that "it would be inequitable to permit those plaintiffs to set the conveyances aside." A "reviewing court is not obligated to make an independent search of the record" when rule 15(a) is ignored. (*Kanner v. Globe Bottling Co.* (1969) 273 Cal.App.2d 559, 564 [78 Cal.Rptr. 25].)

Nor do we otherwise observe any reason for equitable intervention on behalf of appellant. The contention is meritless.

We advert now to appellant's remaining, and *third,* contention as to *all plaintiffs,* of "untimely and defective service" of process.

■ . Since appellant in his briefs states only evidentiary facts favorable to himself, we find it proper at this point to reiterate the substantial evidence rule, as follows: "'When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the finding of fact,' and 'When two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court.'" (*Brewer* v. *Simpson, supra*, 53 Cal.2d 567, 583.) The rule will apply to findings made upon affidavits or oral testimony, which are necessarily implied from an order such as was here made by the superior court. (*Kulko* v. *Superior Court* (1977) 19 Cal.3d 514, 519, fn. 1 [138 Cal.Rptr. 586, 564 P.2d 353] [revd. on unrelated grounds *Kulko* v. *California Superior Court* (1978) 436 U.S. 84 (56 L.Ed.2d 132, 98 S.Ct. 1690)].) It is therefore of no consequence that the trial court, believing other evidence or drawing different inferences, might have reached a contrary conclusion.

■ The here claimed procedural shortcoming consists of the failure of plaintiff Deas to serve and *return* summons in the action within three years after its commencement, as provided by Code of Civil Procedure section 581a, subdivision (a). Appellant for that reason had moved, unsuccessfully, to quash service of the summons.

At the hearing on appellant's motion to quash, the following procedural and factual context was before, and presumably found true by, the superior court.

In an earlier superior court action it had been adjudicated that Charles H. Knapp, the instant appellant, was indebted to plaintiff and each of the class plaintiffs represented by him. Thereafter, as previously noted, appellant appealed from that judgment, and plaintiff for himself and class plaintiffs commenced the instant fraudulent conveyance action. The two proceedings were contemporaneously pending for about 18 months, until the earlier judgment declaring plaintiff, and class plaintiffs, to be judgment creditors of appellant became final by this court's dismissal of the appeal. During that 18-month period, plaintiff apparently took no steps to serve appellant with summons for the reason that his, and class plaintiffs', status as creditors had not yet been *finally* determined.

Following finality of the earlier judgment plaintiff endeavored, to personally serve appellant with summons in the instant action. The endeavor was without success for, as abundantly supported by evidence, appellant was concealing himself to avoid such service. Finally plaintiff resorted to the "in lieu" method of constructive service permitted by Code of Civil Procedure section 415.20, subdivisions (a) and (b). That service was completed on June 11, 1976, ten days after the statute's required mailing, and more than two weeks *before* the running of the three-year period of section 581a, subdivision (a). But the summons was not *returned* with proof of service until August 16, 1976, more than a month *after* the statutory three-year period had run.

Appellant relies upon authority holding that unless summons be served *and returned*, within the statutory three-year period, the trial court lacks jurisdiction other than to quash the service of summons and to dismiss the action. (See *Pearson* v. *Superior Court* (1932) 122 Cal. App. 571, 575 [10 P.2d 489].) But that rule, we observe, is subject to the well-recognized exceptions articulated by *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 740-741 [329 P.2d 489], as follows:

"Section 581a of the Code of Civil Procedure imposes upon the court the duty to dismiss an action where the summons has not been served and returned within three years after commencement of the action, . . . This is a rule 'designed to encourage promptness in prosecution of actions.' . . . By its enactment, the trial court's inherent discretionary power to dismiss for lack of diligent prosecution . . . was modified by a mandatory provision for dismissal, which provision was qualified, however, by certain exceptions.

"Similar both in general purpose and language are the provisions of section 583 of the Code of Civil Procedure requiring the dismissal of actions not brought to trial within five years after being filed. Despite the apparently mandatory language of that section, this court has found many 'implied exceptions' where it was 'impracticable and futile' to bring the action to trial within the designated five-year period. . . . Thus, discretion has entered into the application of this provision so as to prevent it from being used to compel the dismissal of actions where the plaintiff has not had a reasonable opportunity to proceed to trial. . . .

"We are therefore of the view that notwithstanding the mandatory language of section 581a, the trial court is vested with discretion in ap-

plying the exceptions comparable to the discretion with which it is vested in applying the exceptions to section 583. As with the exercise of the court's other inherent and statutory powers to dismiss actions for want of diligence in either serving the summons or bringing the action to trial, the discretion permitted must be 'exercised in accordance with the spirit of the law and with a view of subserving, rather than defeating, the ends of substantial justice.' ... Each case must be decided on its own particular facts, and no fixed rule can be prescribed to guide the court in its exercise of this discretionary power under all circumstances."

Following *Wyoming Pacific Oil Co. v. Preston*, "cases have held that 'futility' or 'impracticability' sufficient to extend the time [under Code Civ. Proc., §§ 581a, 583] ... may be created by concurrent and collateral litigation" (*Stella* v. *Great Western Sav. & Loan Assn.* (1970) 13 Cal.App.3d 732, 737 [91 Cal.Rptr. 771]), such as related appeals (*Highlanders, Inc. v. Olsan* (1978) 77 Cal.App.3d 690, 695 [143 Cal. Rptr. 679]; *Guy F. Atkinson Co. v. State of California* (1971) 17 Cal.App.3d 1065, 1068 [95 Cal.Rptr. 543]; *Wilson v. Barry* (1953) 119 Cal.App.2d 621, 625 [259 P.2d 991]). The rule will particularly apply where the collateral action, or appeal, is in effect a "'step in the same action sought to be dismissed for lack of prosecution, or in litigation involving the very basis of the action sought to be dismissed, or in other litigation between the same parties or their privies.'" (*Stella* v. *Great Western Sav. & Loan Assn., supra*, p. 737; *Union Bond & Trust Co. v. M & M Wood Working Co.* (1960) 179 Cal.App.2d 673, 676 [3 Cal. Rptr. 920].)

And the time during which it was impracticable, or futile, to bring the action to trial because of the collateral proceeding will ordinarily be deducted from the statutory periods of time. (*Stella* v. *Great Western Sav. & Loan Assn., supra*, 13 Cal.App.3d 732, 737; *Vecki* v. *Sorensen* (1959) 171 Cal.App.2d 390, 395 [340 P.2d 1020].)

It will be remembered that the trial court has broad discretion in determining whether it be impracticable or futile to bring an action to trial where, as here, a collateral appeal will determine whether an essential element to a successful trial exists. Such a determination will be made on the case's "particular facts, and no fixed rule can be prescribed to guide the court in its exercise of this discretionary power ...." (See *Wyoming Pacific Oil Co. v. Preston, supra*, 50 Cal.2d 736, 741.) We are unable to say that, under the facts and circumstances of the case

before us, the superior court abused its discretion in denying appellant's motion to quash service of summons, thus to allow a trial and disposition of the action on its merits.

The judgment of the superior court will accordingly be affirmed.

We have found it unnecessary to consider the many incidental points and contentions of the parties in reaching our conclusions. Nor have we considered, as suggested by appellant, points which might have been raised by defendant Keith C. Knapp, had he appealed from the judgment.

The judgment is affirmed.

Newsom, J., and Levins, J.,* concurred.

A petition for a rehearing was denied April 2, 1982, and appellant's petition for a hearing by the Supreme Court was denied May 20, 1982.

---

*Assigned by the Chairperson of the Judicial Council.