[No. A017482. First Dist., Div. Four. Feb. 27, 1986.]

MICHAEL VALERIO et al., Plaintiffs and Appellants, v.
BOISE CASCADE CORPORATION et al., Defendants and Respondents;
INEZ GUNDERSHAUG, Intervener and Appellant.

Ernest M. Thayer, Brown & Finney, Richard B. McDonough and Carroll, Burdick, & McDonough for Plaintiffs and Appellants and for Intervener and Appellant.

John K. Van de Kamp, Attorney General, Julian Standen, Deputy Attorney General, Jan T. Chilton, Severson, Werson, Berke & Melchoir, Roy M. Brisbois, Stephen M. Lans, Duane C. Musfelt, Robert S. Wood, Lewis, D'Amato, Brisbois & Bisgaard, Jerome I. Braun, Farella, Braun & Martel, Victor J. Haydel III, Martin Titcomb and Frederick E. Watson for Defendants and Respondents.

**OPINION**

**POCHÉ, J.**—The primary issue in the instant appeal is: where a plaintiff files almost identical actions in federal and state courts, does the pendency of the federal action render it impracticable or futile for the plaintiff to comply with the requirement that a summons on the state complaint be served and returned within three years after the action is filed? (See former Code Civ. Proc., § 581a, subd. (a); see now Code Civ. Proc., §§ 583.210-583.250.)[1] We hold it does not.

I.

*Procedural Background*

*The Federal Proceedings*

In May of 1973, the federal district court approved a settlement in a class action arising out of the sale of recreational real property by Boise Cascade

---

[1]Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

Corporation to the plaintiff class members. (See *McCubbrey* v. *Boise Cascade Home & Land Corp.* (N.D.Cal. 1976) 71 F.R.D. 62.) Plaintiffs and appellants in the instant action, Michael Valerio, Yung Hao Chang, and Ernest M. duBray, as well as intervener and appellant, Inez Gundershaug, were members of the plaintiff class and elected to participate in the settlement.

On May 6, 1977, Valerio and Chang filed a complaint in federal court seeking to overturn the *McCubbrey* settlement. That action, *Valerio* v. *Boise Cascade Corp.* (N.D.Cal. 1978) 80 F.R.D. 626 (affd. *Valerio* v. *Boise Cascade Corp.* (9th Cir. 1981) 645 F.2d 699, 700, cert. den., 454 U.S. 1126 [71 L.Ed.2d 113, 102 S.Ct. 976]), involved many claims against numerous defendants. In three counts, counts 15, 17, and 18, the plaintiffs alleged that the attorneys for the *McCubbrey* plaintiffs were guilty of fraud and deceit in breach of their fiduciary duty to their clients in that in the notice of proposed settlement they fraudulently misrepresented and concealed material facts thereby inducing the plaintiffs to enter into a settlement agreement they otherwise would not have accepted. In counts 24 and 25, plaintiff alleged that by virtue of the fraud described in counts 15, 17, and 18, the attorneys had breached written and oral agreements with the *McCubbrey* plaintiffs and breached the covenants of good faith and fair dealing. Those counts were in essence claims of legal malpractice.

The federal court concluded that counts 15, 17, and 18, were barred by the three-year statute of limitations contained in section 338, subdivision (4), and that the malpractice claims in counts 24 and 25 were barred by the two-year statute of limitations contained in section 339, subdivision (1). (*Valerio* v. *Boise Cascade, supra,* 80 F.R.D. at pp. 632-634.) Because those were the only claims alleged against the attorneys, summary judgment was granted in their favor. (*Ibid.*)

As to the claims against Boise Cascade and the remaining defendants, the court found that most of the claims were barred by res judicata: "this action is in the main barred by the *McCubbrey* judgment as to all defendants except Hidden Valley Lake Properties, Inc. and the directors of the Stonehouse Mutual Water Company." (At p. 647.)

Although they did not plead fraud on the court in their first complaint, Valerio and Chang sought leave to amend to add such a charge. The court refused to allow such an amendment. (At pp. 657-658.)

The Ninth Circuit affirmed the district court's judgment in all respects (*Valerio* v. *Boise Cascade Corp., supra,* 645 F.2d at p. 670) and the United

States Supreme Court denied a petition for certiorari (*Valerio* v. *Boise Cascade Corp.* (1981) 454 U.S. 1126 [71 L.Ed.2d 113, 102 S.Ct. 976].)

*The State Proceedings*

Some 10 days after they filed the federal action, Valerio and Chang filed a class action complaint in the San Francisco Superior Court alleging fraud and breach of contract against the attorneys in the *McCubbrey* action. The allegations in these seven counts were virtually identical to those in the federal complaint. Summons was not issued at that time.

On April 3, 1978, three days after the federal trial court granted summary judgment in favor of the attorneys in the federal *Valerio* action, a first amended complaint was filed in the state action adding Ernest M. duBray as a plaintiff in the state action.

This action added numerous allegations against Boise Cascade, renewed allegations of fraud and breach of contract against the attorneys, and further alleged that fraud had been perpetrated on the federal court.

On October 23, 1981, Inez Gundershaug filed a complaint in intervention in the state action.[2]

Commencing November 30, 1981, the various attorney defendants made motions to dismiss on the ground that they had not been served with the complaint and summons nor had return been made within three years of the commencement of action. The motions were opposed by plaintiffs Valerio, Chang, and duBray, and intervener Gundershaug.

Thereafter the trial court granted each defendant's motion and orders of dismissals were rendered. After an unsuccessful motion for reconsideration on grounds not pertinent to the instant appeal, the three plaintiffs and the intervener filed timely notices of appeal.

*Subsequent Federal Proceedings*

After the instant appeal was commenced, the defendant attorneys filed a motion in the federal court requesting the court, inter alia, to enjoin Valerio, Chang, duBray and Gundershaug, and their attorneys, Ernest Thayer and Richard McDonough, "from asserting in the *Valerio* state action that the

---

[2]The record on appeal does not contain an order granting Gundershaug leave to file a complaint in intervention. However, the record does contain her notice of motion for such leave.

*McCubbrey* judgment was procured by fraud on [the federal district court], that the Attorneys acted fraudulently in representing the *McCubbrey* plaintiffs, and/or that the *McCubbrey* judgment does not bind Valerio, Chang, Gundershaug, and duBray."

On June 29, 1984, the federal district court issued its "Memorandum and Order" which granted "injunctive relief against Valerio and Chang, and against Thayer in his capacity as their attorney" but denied the request for such relief as against duBray and Gundershaug, and as against Thayer as attorney for duBray and McDonough in his capacity as attorney for Gundershaug.

As to Valerio, Chang and Thayer, the order reads as follows: "[T]he court hereby enjoins Valerio, Chang, and Thayer from asserting in the *Valerio* state action the claims that Valerio and Chang previously raised in the Valerio lawsuit before this court. The court's injunction includes but is not limited to the claim that the Attorneys defrauded the *McCubbrey* court, the claims that the Attorneys engaged in fraud and deceit to induce the *McCubbrey* plaintiffs to enter the *McCubbrey* settlement . . . and the claims that the Attorneys breached contracts with the *McCubbrey* class by committing fraud and deceit. . . ."

The court concluded, however, that neither duBray nor Gundershaug was barred from relitigating these claims in the state action because they were not parties to the federal judgment and to restrain them "from litigating the claims raised in *Valerio* would be a violation of due process."

Thereafter, neither Valerio nor Chang filed a reply brief in this court; Gundershaug and duBray did.

## II.

### *Dismissal of the Complaint*

■ Appellants contend that the trial court erred in granting respondents' motions to dismiss the complaint under former section 581a because it was impracticable and futile for them to proceed with the state action during the pendency of the federal *Valerio* action, and alternatively, because respondents are estopped from seeking dismissal.

All parties agree that the instant case is governed by former section 581a, as interpreted by the California Supreme Court in *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714 [170 Cal.Rptr. 790, 621 P.2d 829].[3]

Former section 581a, subdivision (a) provides in pertinent part: "No action . . . shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court . . . unless the summons on the complaint is served and return made within three years after the commencement of said action. . . ." Despite the mandatory language of the statute requiring service and return of the complaint summons within three years of the commencement of the action, judicial exceptions have been created excusing the plaintiff's delay. In the seminal case of *Hocharian* v. *Superior Court, supra,* 28 Cal.3d 714, the California Supreme Court set forth the following guidelines for those exceptions: "the statute operates as a rebuttable presumption: if plaintiff fails to serve and return summons on a defendant within three years of the commencement of the action, plaintiff may be presumed to have failed to use reasonable diligence. This presumption may be overcome by plaintiff, who bears the burden of proving that he falls within an implied exception to section 581a." (*Id.,* at p. 722, fn. omitted.) In the instant case the trial court specifically found that appellants had not used reasonable diligence, that they did not come within either the futility or the impracticability exception to the three-year rule and that there was no basis on which to find respondents estopped from asserting the three-year statute.

### Impracticability and Futility of Serving Respondents

Three implied exceptions to the mandatory rule of section 581a are impracticability, impossibility and futility in serving the defendants. (*Hocharian* v. *Superior Court, supra,* 28 Cal.3d at p. 721; *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 740-741 [329 P.2d 489]; *Ostrus* v. *Price* (1978) 82 Cal.App.3d 518, 525 [146 Cal.Rptr. 922]; *Ippolito* v. *Municipal Court* (1977) 67 Cal.App.3d 682, 687 [136 Cal.Rptr. 795], disapproved on another point in *Hocharian* v. *Superior Court, supra,* at pp. 722, 724.) Appellants conceded below and concede on appeal that the impossibility exception does not apply since at all times respondents' identities and addresses were known, and they were amenable to service of process. Instead,

---

[3]*Hocharian* was repudiated by the Legislature in the passage of former section 581a, subdivision (f) (added by Stats. 1982, ch. 600, § 1, pp. 2574-2575), which conspicuously omitted any reference to the *Hocharian* reasonable diligence standard. (Accord *Barrington* v. *A. H. Robbins Co.* (1985) 39 Cal.3d 146, 156 [216 Cal.Rptr. 405, 702 P.2d 563]; *Republic Corp.* v. *Superior Court* (1984) 160 Cal.App.3d 1253, 1256-1257 [207 Cal.Rptr. 241].) As we have already noted, the post *Hocharian* version of section 581a has since been repealed (see Stats. 1984, ch. 1705, § 3, p. 925) and new, but effectively the same, provisions were enacted in sections 583.210 through 583.250.

appellants argue they come within both the impracticability and the futility exceptions. The argument goes like this: "Plaintiffs submit that the further pursuit of this action at any time prior to the final disposition of the federal *Valerio* action would have constituted a potentially wasteful use of time and resources, both of the parties and of the court. Hence, such prosecution would have been impossible, impracticable, and futile. . . ."

The problem with appellants' argument is that it is directed to the difficulties of bringing a case to trial rather than to whether it was impracticable or futile to serve and return process. The pendency of the federal action did not affect appellants' ability to serve respondents and did not make service of process either impracticable or futile.

As noted in a somewhat analogous situation in *Black Bros. Co.* v. *Superior Court* (1968) 265 Cal.App.2d 501 [71 Cal.Rptr. 344], (disapproved on another point in *Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 563 [86 Cal.Rptr. 65, 468 P.2d 193]) where the plaintiff delayed in serving the defendants until a related worker's compensation proceeding had been completed, "The necessity of investigation of the facts or the procurement of evidence, or, as in this case, the desire to await the outcome of the workmen's compensation case, will not excuse a long and otherwise unexplained period of neglect in serving the summons. The proper procedure is to serve the summons within a reasonable time after the complaint is filed, and, if necessary, apply for a continuance in bringing the case to trial." (*Id.,* at p. 509.)

*Christin* v. *Superior Court* (1937) 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153], relied upon by appellants, presents an altogether different kind of situation. There, the superior court had granted a motion for change of venue from Los Angeles to San Francisco, and the plaintiff had appealed from that order. When defendants sought to compel dismissal of the main action upon the ground that the case had not been brought to trial within the five-year limitation of section 583, the California Supreme Court held that during the pendency of the appeal from the venue order, the five-year period was in effect tolled, because for all practical purposes, it was impossible to try the merits of the case until the venue appeal had been decided.

Here, the federal action placed no legal or practical obstacle to serving process upon respondents. Under such circumstances, the impossibility, impracticability exception to section 581a does not apply. (Cf. *Elling Corp.* v. *Superior Court* (1975) 48 Cal.App.3d 89, 97 [123 Cal.Rptr. 734] [time spent litigating notice of lis pendens with certain defendants placed no legal or practical obstacle to serving process on other defendants].)

In *Wyoming Pacific Oil* v. *Preston, supra,* the California Supreme Court held that exceptions to the five-year rule in bringing a case to trial contained in section 583 are applicable to section 581a. Nevertheless, as aptly stated by the court in *Ippolito* v. *Municipal Court, supra,* 67 Cal.App.3d 682, 687: "Section 581a concerns itself with the detriment accruing to a *defendant* insofar as his ability to institute discovery, preserve evidence and locate witnesses is concerned, when he is not given *timely notice* of the institution of an action. [Citations.] Section 583 focuses upon the detriment to the *judicial system* as well as to a defendant attendant upon the tardy litigation of a claim. *We therefore cannot apply with rubberstamp symmetry decisional criteria interpreting section 583 and the implied exceptions thereunder to section 581a.* " (Italics partially added.) We agree with the *Ippolito* analysis. It makes no sense, common or legal, in our view, to interpret the futility and impracticability exceptions of section 581a in the same manner as is done with section 583 exceptions. Instead, the focus in the former situation must be on whether *service of process* on the defendants was rendered impracticable or futile under the circumstances.

At first glance our conclusion may be seen as being somewhat at odds with *Deas* v. *Knapp* (1982) 129 Cal.App.3d 443 [181 Cal.Rptr. 76]. There, the plaintiff timely served both his complaint (alleging a fraudulent conveyance) and the summons, but failed to *return* the summons within three years. In affirming the trial court's refusal to dismiss under section 581a, the Court of Appeal concluded that compliance would have been impracticable or futile since plaintiff could not proceed with the action until his status as a creditor was finally determined in a related action then pending on appeal. The Court of Appeal reasoned, "the trial court has broad discretion in determining whether it be impracticable or futile *to bring an action to trial* where, as here, a collateral appeal will determine whether an essential element to a successful trial exists." (*Id.,* at p. 451, italics added.)

The instant case, of course, is easily distinguishable from *Deas* v. *Knapp,* in that in the case at hand the pendency of the federal action did not have any bearing on the state action; they were identical actions not dependent on one another.

But even if this case were factually similar to *Deas,* we would decline to follow it. In our view, the *Deas* court was wrong in excusing the plaintiff for failing to timely return the summons because it would be impracticable or futile to bring the case to trial.[4] As we have emphasized, the problems

---

[4]We note that for its authority in excusing the defective return of summons the *Deas* court relied upon cases excusing failure to bring a case to trial within five years. (See *Deas* v. *Knapp, supra,* 129 Cal.App.3d at p. 451, citing *Stella* v. *Great Western Sav. & Loan Assn.* (1970) 13 Cal.App.3d 732, 737 [91 Cal.Rptr. 771]; *Union Bond & Trust Co.* v. *M & M Wood Working Co.* (1960) 179 Cal.App.2d 673, 676 [3 Cal.Rptr. 920]; *Vecki* v. *Sorensen* (1959) 171 Cal.App.2d 390, 395 [340 P.2d 1020].)

involved in bringing a case to trial are distinct from those involved in serving and returning a summons, and what will make the former impracticable or futile does not necessarily render the latter course impracticable or futile. To the extent *Deas* finds the two concepts interchangeable, we decline to follow it.

In conclusion, if appellants had valid reasons for not serving the state complaint and summons on respondents within the three-year period their protective remedy was quite clearly spelled out on the face of the statute: obtain a written stipulation extending the statutory time for service of the complaint and return of the summons. (§ 581a, subd. (a).) Instead they ignored their statutory remedy and they did nothing to attempt to serve the parties within the three-year period. We agree with the trial court that upon this showing, appellants failed to sustain their burden establishing that they fit within the impracticability exception to the mandatory dismissal rule.

*Estoppel*

Alternatively appellants argue that respondents should have been estopped from seeking dismissal. ■ Under this implied exception to section 581a, a defendant may be estopped from seeking dismissal where his conduct or assertions reasonably induces the plaintiff to refrain from serving and returning the summons within three years. (*Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 440 [96 Cal.Rptr. 571, 487 P.2d 1211]; accord *Hocharian* v. *Superior Court, supra,* 28 Cal.3d at p. 721, fn. 4; *House* v. *State of California* (1981) 119 Cal.App.3d 861, 874 [174 Cal.Rptr. 279].) As with any exception to the three-year rule, the burden of proving estoppel lies with the plaintiff. (*Busching* v. *Superior Court* (1974) 12 Cal.3d 44, 53 [115 Cal.Rptr. 241, 524 P.2d 369].)

We now turn to the facts of this case to determine whether by their conduct, respondents should be estopped from seeking dismissal. In opposition to the motions to dismiss, counsel for Valerio, Chang and duBray alleged that on June 3, 1977, in the federal *Valerio* action, he agreed to withhold prosecution of the state action pending resolution of the federal action. According to the attorney's declaration, the federal trial judge accepted that agreement. No record of that agreement was presented to the trial court in the instant case.

Respondents presented a declaration by an attorney for the Boise Cascade defendants in the federal *Valerio* action. He declared that during the pendency of that action he acted only on behalf of Boise Cascade, that he had no authority to bind the other defendants in that suit, and that he did not "recall" entering into such agreement with plaintiffs' attorneys. "If such

an agreement were reached, it would be my general practice to have such an agreement memorialized by written stipulation and order of the court."

The trial court expressly rejected the claim of estoppel. Appellants urge that finding was erroneous as a matter of law. For a number of reasons we find no error.

First, whether or not there was an agreement to withhold prosecution was a factual question for the trier of fact to resolve. On the basis of the conflicting declarations coupled with the lack of a formalized writing, the trial court could reasonably conclude that no such agreement was made. Second, even if such agreement had been made, the trial court could reasonably conclude that this agreement between appellants and counsel for Boise Cascade did not bind *these* respondents. In other words, because it was the conduct of a third person which allegedly induced appellants not to serve and return the summons on respondents, respondents are not estopped from seeking dismissal. Finally, it would not be beyond the realm of reasonableness for the trial court to conclude under the circumstances that any reliance by appellants on the conduct of Boise Cascade was not *reasonable* and therefore the doctrine of estoppel should not apply.

For the foregoing reasons, we find no error in the trial court's conclusion that respondents were not estopped from seeking dismissal because of the alleged agreement between appellants and Boise Cascade in the federal *Valerio* action.

### III.

### *The Effect of the Federal Injunction*

The final question presented is unusual: should we dismiss the appeals of Valerio and Chang in light of the federal district court's injunction restraining them from prosecuting the instant action?

In response to our question, Valerio and Chang have urged us not to dismiss their respective appeals because: (1) the injunction is not yet final in that they are awaiting a final judgment in the federal action at which point they will seek appellate review of the validity of the injunction; (2) the injunction was erroneously granted and therefore, they urge, this court is not bound to give it force and effect.

An order by a federal court "has the same effect in the courts of this state as it would have in a federal court." (*Levy* v. *Cohen* (1977) 19 Cal.3d 165, 173 [137 Cal.Rptr. 162, 561 P.2d 252], cert. den., 434 U.S. 833 [54

L.Ed.2d 94, 98 S.Ct. 119].) ■ Under federal law, it is clear that the pendency of an appeal does not alter the res judicata effect of an otherwise final judgment. (*Eichman* v. *Fotomat Corp.* (9th Cir. 1985) 759 F.2d 1434, 1439; *Taunton Gardens Co.* v. *Hills* (1st Cir. 1977) 557 F.2d 877, 879, fn. 2; *Kurek* v. *Pleasure Driveway & Park Dist. Etc.* (7th Cir. 1977) 557 F.2d 580, 595.) Thus, the fact that Valerio and Chang may appeal the judgment of the federal court does not prevent that judgment from operating to bar this state court action in the meantime.

■ Nor is this court concerned with whether or not the injunction was properly issued; for the purposes of res judicata, an erroneous judgment is as conclusive as a correct one under both federal and California law. (*Federated Department Stores* v. *Moitie* (1981) 452 U.S. 394, 398 [69 L.Ed.2d 103, 108-109, 101 S.Ct. 2424]; *Southmark Properties* v. *Charles House Corp.* (5th Cir. 1984) 742 F.2d 862, 872; *Slater* v. *Blackwood* (1975) 15 Cal.3d 791, 797 [126 Cal.Rptr. 225, 543 P.2d 593].)

In short we see no reason not to afford full faith and credit to the federal injunction barring Valerio and Chang from prosecuting the instant action, including this appeal.

The appeals of appellants Valerio and Chang are dismissed. As to the appeals of duBray and Gundershaug, the judgments of dismissal are affirmed. Respondents to recover their costs on appeal.

Anderson, P. J., and Sabraw, J., concurred.

A petition for a rehearing was denied March 20, 1986, and the petition of appellants duBray and Gundershaug for review by the Supreme Court was denied May 21, 1986.