[No. B016575. Second Dist., Div. Five. Nov. 7, 1986.]

BILLY PAUL, JR., Plaintiff and Appellant, v.
DONALD JAMES DROST, Defendant and Respondent.

**COUNSEL**

Barth & Lopez, Ramon Rossi Lopez and Robert M. Johnson for Plaintiff and Appellant.

Murchison & Cumming and B. Eric Nelson for Defendant and Respondent.

**OPINION**

**HOFSTETTER, J.**\*—Billy Paul, Jr. (Paul or appellant), filed a complaint on September 24, 1981, for legal malpractice against Donald James Drost

---

\*Assigned by the Chairperson of the Judicial Council.

(Drost or respondent) and others. Summons and complaint were not served on Drost until June 6, 1985. On July 5, 1985, Drost appeared specially in the action and moved to quash service and dismiss the action. Paul opposed the motion. On August 29, 1985, the motion was granted and the case dismissed.

## BACKGROUND

On August 31, 1978, appellant Paul filed a complaint in the superior court as a result of injuries sustained from a dog bite on September 2, 1977. His attorney at that time, James H. Goodwin, died, and Paul signed a substitution of attorney form August 14, 1979, naming Drost as his attorney. In July or August of 1980, Drost was substituted out of that case. Thereafter, Paul filed a medical malpractice action through his new attorney. That action was ultimately consolidated with the dog bite case, and was settled[1] at a mandatory settlement conference on January 17, 1984, and ultimately dismissed April 10, 1984.

In the legal malpractice action against Drost, Paul alleges that Drost was negligent in not filing a complaint in a timely manner for personal injuries suffered by Paul as a result of malpractice of the physicians treating Paul for the dog bite injury.

In granting the motion to dismiss this case, the trial court found "no reason why responding party could not have served and filed summons after the conclusion of the action—responding party had 6 months from the conclusion of the action to do so before the 3 years ran."

## CONTENTIONS ON APPEAL

The appellant contends that the three-year limitation on serving and returning of the summons is tolled in this case by the period of the pendency of the medical malpractice action, since it would be "impossible, impractical or futile" to proceed with the legal malpractice action until the medical malpractice action was resolved. Ancillary to this contention are two other claims of error: (1) That the trial court did not expressly make findings on the tolling issue, and (2) that the actual period of the tolling is a question of fact that could not be resolved in a summary proceeding such as this motion to quash service and dismiss.

In support of his contentions, appellant cites *Stella* v. *Great Western Sav. & Loan Assn.* (1970) 13 Cal.App.3d 732 [91 Cal.Rptr. 771] and *Deas* v. *Knapp* (1982) 129 Cal.App.3d 443 [181 Cal.Rptr. 76].

---

[1]The medical malpractice case was barred by the statute of limitations, and Paul agreed to settle for $15,000, which he describes as "costs of defense."

Respondent contends that the issue in the case is the accrual of the cause of action for legal malpractice, and the date that the statute of limitations began to run on that cause of action. Citing *Bell* v. *Hummel* (1982) 136 Cal.App.3d 1009 [186 Cal.Rptr. 668], respondent contends that Paul filed prematurely and that the pending action should be dismissed. Alternatively, respondent contends, citing *Budd* v. *Nixon* (1971) 6 Cal.3d 195 [98 Cal.Rptr. 849, 491 P.2d 433], that the cause of action for legal malpractice accrued on the date the statute of limitations ran on the medical malpractice action, even though the amount of damages was not then certain; that Paul should have served the legal malpractice summons and complaint and requested consolidation of the actions; that appellant, having waited three years and nine months to serve Drost, has suffered properly a dismissal of the case. The question of when the statute of limitations on the legal malpractice action started to run was not raised by the respondent in the trial court. Respondent's motion was a straightforward motion to quash service and dismiss under Code of Civil Procedure section 581a, subdivision (a).[2] Accordingly, we will not consider matters that are raised for the first time on appeal. (*Woodruff* v. *McDonald's Restaurants* (1977) 75 Cal.App.3d 655, 658, fn. 2 [142 Cal.Rptr. 367].) Additionally, a determination of this question is not necessary to decide the issues that are before us.

### DISCUSSION

 "[T]he idea of *reasonable diligence* has been the cornerstone of statutory analysis of section 581a. [Citations.]" (Italics in original, *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 720 [170 Cal.Rptr. 790, 621 P.2d 829].) "Section 581a concerns itself with the detriment accruing

---

[2]All statutory references are to the Code of Civil Procedure unless otherwise indicated.

Although section 581a has been repealed, the parties agree that this motion is governed by that statute, since the new sections dealing with the subject (pt. 2, tit. 8, ch. 1.5 of the Code Civ. Proc.) expressly so state (§ 583.160). The applicable portions of section 581a read: "(a) No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the action shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of the action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

"(f) Except as provided in this section, the provisions of this section are mandatory and are not excusable, and the times within which acts are to be done are jurisdictional. Compliance may be excused only for either of the following reasons: [¶] (1) Where the defendant or cross-defendant is estopped to complain. [¶] (2) Where it would be impossible, impracticable, or futile to comply due to causes beyond a party's control. However, failure to discover relevant facts or evidence shall not excuse compliance."

There is no contention in this case that any other exceptions are applicable, as the respondent was amenable to service of process during the entire time.

to a *defendant* insofar as his ability to institute discovery, preserve evidence and locate witnesses is concerned, when he is not given *timely notice* of the institution of an action." (Italics in original.) (*Ippolito* v. *Municipal Court* (1977) 67 Cal.App.3d 682, 687 [136 Cal.Rptr. 795] (disapproved on other grounds in *Hocharian, supra*).)

■ The legislative purpose of encouraging expeditious disposition of litigation resulting in the enactment of section 581a also is served by section 583 concerning delay in bringing cases to trial. As pointed out in *Ippolito, supra,* 67 Cal.App.3d at p. 687, ". . . there are . . . distinctions in their underlying policies. . . . We therefore cannot apply with rubberstamp symmetry decisional criteria interpreting section 583 and the implied exceptions thereunder to section 581a." Appellant's reliance on *Stella, supra,* 13 Cal.App.3d 732, is misplaced, as that case relates to an exception under section 583. While there is language in that case equating section 583 with the statute of limitations and "tolling" the statute during a period of "futility and impossibility," no such language appears in the cases interpreting section 581a.

■ Since the appellant concedes that more than three years have elapsed from the filing of the complaint to the service of the summons, the burden then falls on the appellant to establish that the facts of this case bring it within an exception to the general rule requiring dismissal. (*Busching* v. *Superior Court* (1974) 12 Cal.3d 44 [115 Cal.Rptr. 241, 524 P.2d 369]; *Woodruff* v. *McDonald's Restaurants, supra,* 75 Cal.App.3d 655.)

Appellant's evidence in the trial court consisted of affidavits concerning the medical malpractice litigation and asked the court to find that the three-year period is tolled during the pendency of that litigation.[3] Appellant asks us to hold that the trial court abused its discretion as a matter of law in not following the rationale of *Deas* v. *Knapp, supra,* 129 Cal.App.3d 443, wherein the appellate court affirmed the trial court's ruling that the plaintiff had carried his burden of bringing the case within an exception under 581a. However, the instant proceeding appears to be more similar to *Valerio* v. *Boise Cascade Corp.* (1986) 177 Cal.App.3d 1212 [223 Cal.Rptr. 592], in that the question on appeal is whether the trial court abused its discretion in granting a motion to dismiss under 581a. In *Valerio,* at page 1219, the court states "The problem with appellant's argument is that it is directed to the difficulties of bringing a case to trial rather than to whether it was impracticable or futile to serve and return process."

---

[3]The affidavits do not set forth the date on which the medical malpractice action was filed, but aver that the settlement conference was in January 1984.

■ ". . . the desire to await the outcome of the . . . [other] case, will not excuse a long and otherwise unexplained period of neglect in serving the summons. The proper procedure is to serve the summons within a reasonable time after the complaint is filed, and, if necessary, apply for a continuance in bringing the case to trial." (*Black Bros. Co.* v. *Superior Court* (1968) 265 Cal.App.2d 501, 509 [71 Cal.Rptr. 344] (disapproved on another point in *Denham* v. *Superior Court* (1970) 2 Cal.3d 557 [86 Cal.Rptr. 65, 468 P.2d 193]).)

The trial court here made a finding of fact that appellant had not used reasonable diligence in prosecuting his action, and impliedly found that appellant had failed to carry his burden of proof to bring him within an exception to the dismissal mandate of section 581a. We agree with the trial court.

The judgment is affirmed. Respondent to recover his costs on appeal.

Hastings, Acting P. J., and Eagleson, J., concurred.