Filed 4/7/25  Vanrooy v. Jacobes-Downing-Hughes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| DELACY VANROOY,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>JACOBES-DOWNING-HUGHES, INC.,<br><br>Defendant and Respondent. | C100312<br><br>(Super. Ct. No. CVCS20-0000150) |

Plaintiff Delacy Vanrooy (plaintiff) challenges an order dismissing her complaint against defendant Jacobes-Downing-Hughes, Inc. (defendant) for failure to serve process within the mandated three-year period (Code Civ. Proc.,§§ 583.210, 583.250).[1]  On appeal, plaintiff contends her delay in serving the complaint should have been excused, or that defendant should have been estopped from seeking dismissal, because defendant's authorized agent for service of process intentionally evaded service during a five-week

---

[1]     Undesignated section references are to the Code of Civil Procedure.

1

period in which service was attempted.  Plaintiff alternatively argues—for the first time on appeal—that the trial court erred in denying her requests for an order authorizing her to serve defendant by publication or through the Secretary of State.  Finally, plaintiff argues the trial court erred in dismissing the action "with prejudice" and in awarding costs to defendant as the prevailing party in a California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.) action.

We find no error in the trial court's decision to dismiss the action for failing to serve the complaint within three years.  The court could reasonably conclude that regardless of any difficulties encountered in attempting to serve defendant's registered agent in the months after the complaint was filed, it did not excuse her lack of diligence in effectuating service or estop the defendant from seeking dismissal.  We decline to reach plaintiff's argument about service by publication or substitute service, finding plaintiff forfeited it by failing to raise it below.  We agree, however, that the trial court erred by dismissing the action with prejudice and awarding costs to the defendant as the prevailing party in a FEHA action.  Thus, we will modify the order of dismissal to correct these errors and affirm the order as modified.

PROCEDURAL BACKGROUND

Plaintiff commenced this action against defendant by filing a FEHA complaint for discrimination, sexual harassment, and related claims.  Plaintiff filed the underlying complaint on January 22, 2020, but did not serve it on defendant until August 14, 2023, more than three and one-half years after the action was filed.

In September 2023, defendant (by special appearance) moved to dismiss the complaint for untimely service (§§ 583.210, 583.250).  Plaintiff opposed, arguing that defendant should be estopped from seeking dismissal, or that the untimely service should be excused, because defendant's authorized agent for service of process was not " 'amenable to service.' "  In support of her opposition, plaintiff relied on a "declaration" from two process servers summarizing (in table format) multiple attempts to personally

2

serve defendant, at the residential address of its agent for service of process, during a five-week period in September—October 2020.  Plaintiff presented no evidence of further attempts to serve defendant between October 2020 and the date when service was completed in August 2023.

The trial court granted the motion.  The court rejected plaintiff's argument that the failed attempts to serve defendant showed service was impossible, impracticable, or futile, noting there were other methods of service available to plaintiff.  Further, even if the court were to exclude the five-week period during which service supposedly was "impossible," plaintiff still failed to serve defendant within the mandatory three-year period.  Because service was not timely, the court dismissed the case with prejudice and awarded costs to defendant as the prevailing party.  Plaintiff timely appealed the order of dismissal.

## DISCUSSION

"Section 583.210, subdivision (a), provides that a summons and complaint 'shall' be served upon a defendant within three years after the action is commenced.  Section 583.250, in turn, provides that the action 'shall' be dismissed if service is not made within the statutorily prescribed time and that the foregoing requirements 'are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute.' " (*Watts v. Crawford* (1995) 10 Cal.4th 743, 748 (*Watts*).)

Section 583.240 delineates several circumstances that operate to toll the three-year period.  (*Watts, supra*, 10 Cal.4th at p. 748.)  This includes where service was "impossible, impracticable, or futile due to causes beyond the plaintiff's control." (§ 583.240, subd. (d).)  The burden is on the plaintiff to show an excuse for the delay in service, and the exceptions codified in section 583.240, subdivision (d) are strictly construed against the plaintiff.  (*State ex rel. Edelweiss Fund, LLC v. JP Morgan Chase & Co.* (2020) 58 Cal.App.5th 1113, 1121; *Shipley v. Sugita* (1996) 50 Cal.App.4th 320, 326.)

3

Whether a plaintiff exercised reasonable diligence is a relevant factor in evaluating whether service was impossible, impracticable, or futile, but proof of reasonable diligence does not itself excuse untimely service. (*Torrey Hills Community Coalition v. City of San Diego* (2010) 186 Cal.App.4th 429, 436-437; *Bishop v. Silva* (1991) 234 Cal.App.3d 1317, 1321-1322; *Dale v. ITT Life Ins. Corp.* (1989) 207 Cal.App.3d 495, 503, fn. 9.) For section 583.240, subdivision (d), to apply, the plaintiff must show that service was impossible, impracticable, or futile due to "a cause beyond the plaintiff's control." (§ 583.240, subd. (d).) Service is ordinarily within the plaintiff's control. (*Bishop,* at p. 1322.)

We review an order granting a section 583.250 motion to dismiss for abuse of discretion. (*State ex rel. Edelweiss Fund, LLC v. JP Morgan Chase & Co., supra*, 58 Cal.App.5th at pp. 1120-1121.) Under that standard, the trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious. (*Id*. at p. 1121.)

Here, plaintiff argues that her delay in serving the complaint should have been excused because the evidence compels a finding that service was impossible. We disagree. Plaintiff's evidence did not show it was impossible to serve defendant within the three-year period. At best, it showed plaintiff was unable to personally serve defendant's registered agent *during a five-week period* in September—October 2020. Yet even if we exclude the five-week period in which personal service on the registered agent was (ostensibly) "impossible," plaintiff still failed to complete service within the three-year deadline. (*Crane v. Dolihite* (2021) 70 Cal.App.5th 772, 791-792; *Graf v. Gaslight* (1990) 225 Cal.App.3d 291, 298, overruled on other grounds in *Watts, supra*, 10 Cal.4th at p. 758; see *Maginn v. City of Glendale* (1999) 72 Cal.App.4th 1102, 1108; see also *Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1100-1101.)

4

Plaintiff argues that the trial court should have tolled the statutory period from the date she first attempted service until the date service was completed. However, plaintiff has not cited any authority to support this argument, and we find the argument to be without merit. The governing statutes afforded plaintiff a variety of other means by which she could have attempted to serve defendant, including by delivery to the business office, by mail (with an acknowledgment of receipt), by substitute service on the Secretary of State, or by publication. (*Watts, supra*, 10 Cal.4th at p. 748; §§ 415.10-415.95, 416.10-416.50; Corp. Code, §§ 1701, 1702.) Despite this, plaintiff made no attempts to serve defendant in any manner between October 2020 and the date service was completed in August 2023. Accordingly, there is nothing to support plaintiff's claim that it was impossible to serve defendant for the entire three-year period; she did not try. The trial court did not abuse its discretion in declining to apply the excuse of impossibility, impracticability or futility under the circumstances of this case.

Plaintiff alternatively argues that defendant should have been barred from seeking dismissal based on equitable estoppel. Under this implied exception to section 583.210, a defendant may be barred from seeking dismissal if the defendant's statements or conduct caused the plaintiff reasonably to forebear from effecting service within the mandatory three-year period. (*Brookview Condominium Owners' Assn. v. Heltzer Enterprises-Brookview* (1990) 218 Cal.App.3d 502, 510; *Valerio v. Boise Cascade Corp.* (1986) 177 Cal.App.3d 1212, 1221; § 583.140.)

We conclude plaintiff's estoppel argument fails for the same reason as her impossibility claim. Even if we accepted that defendant's registered agent intentionally avoided service, there is no evidence to compel a finding that such conduct reasonably caused plaintiff to forebear from completing service within the time requirements of section 583.210. The trial court acted within its discretion in concluding that the delay in service was due to plaintiff's own lack of diligence. Thus, the court did not err in rejecting estoppel. (*Brookview Condominium Owners' Assn. v. Heltzer Enterprises-*

5

*Brookview, supra*, 218 Cal.App.3d at p. 512; *Valerio v. Boise Cascade Corp., supra*, 177 Cal.App.3d at p. 1222; see also *Inversiones Papaluchi S.A.S. v. Superior Court of Los Angeles County,* 20 Cal.App.5th 1055, 1063 [the law disfavors estoppels where the party raising estoppel was represented by an attorney].)

Plaintiff next argues that the trial court erred by failing to approve her "requests"—raised only by way of case management conference statements—to permit service by publication or on the Secretary of State. Defendant responds, and we agree, that this argument is forfeited as plaintiff failed to raise it below. (*Honig v. San Francisco Planning Dept.* (2005) 127 Cal.App.4th 520, 530; *Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2006) 136 Cal.App.4th 212, 226.) "Appellate courts are loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have an opportunity to consider." (*JRS Products, Inc. v. Matsushita Electric Corp. of America* (2004) 115 Cal.App.4th 168, 178.) Plaintiff's opposition did not argue that the trial court should have granted permission for service by publication or through the Secretary of State. Accordingly, the argument is forfeited on appeal.

Plaintiff's final argument is that the trial court erred by dismissing her action "with prejudice" and by awarding costs to defendant as the prevailing party. We agree with both points. First, section 581 makes clear that a dismissal under section 583.250 is required to be "without prejudice." (§ 581, subds. (b)(4) & (g); *Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 214-215; see *Inversiones Papaluchi S.A.S. v. Superior Court, supra*, 20 Cal.App.5th at p. 1069.) The trial court had no authority to enter a dismissal with prejudice. (*Franklin Capital Corp.*, at p. 215.)

Second, Government Code section 12965, subdivision (c)(6) provides that in civil actions brought under FEHA, "a prevailing defendant shall not be awarded fees and costs unless the court finds the action was frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so." This provision is

" 'an express exception to [section 1032, subdivision (b)] and . . . therefore governs cost awards in FEHA cases.' " (*Moreno v. Bassi* (2021) 65 Cal.App.5th 244, 260; *Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th 97, 115.) On this record, we see no basis for a finding that plaintiff's suit was frivolous, unreasonable, or groundless. Nor do we see any basis for apportioning costs between FEHA and non-FEHA causes of action. (*Roman v. BRE Properties, Inc.* (2015) 237 Cal.App.4th 1040, 1058-1060.) Accordingly, we conclude section 12965 controls and prohibits the award of costs to defendant as the prevailing party.

## DISPOSITION

The order and judgment of dismissal is modified to a dismissal "without prejudice" and to delete the award of costs to defendant as the prevailing party. As modified, the judgment is affirmed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278 (a)(3), (5).)


_____\s\_____,
Krause, J.



We concur:



_____\s\_____,
Mauro, Acting P. J.



_____\s\_____,
Boulware Eurie, J.

7